CHRISTNOT, respondent, *v.* MONTANA GOLD AND SILVER MINING Co., appellant.

MECHANIC'S LIEN — *accounts* — *appropriation of payments.* A person who performs labor for another under a contract, and is entitled to a lien for a part of said labor, and can have no lien for the remainder, can charge therefor under two distinct accounts. If the debtor, at the time of the payment of any sum, fails to appropriate the same to either of these accounts, the creditor can do so before he makes out and files his lien.

*Appeal from the First District, Madison County.*

CHRISTNOT commenced this action against the defendant, a foreign corporation, to recover for services performed by him under a contract made with its managing agent in Montana, and have the same adjudged a lien upon the quartz mill of defendant. The defendant admitted that the amount sued for was due, but denied that plaintiff was entitled to a lien as a mechanic upon its property. The action was tried in the district court, WARREN, J., and plaintiff obtained a judgment in December, 1868.

The other facts are stated in the opinion of the court.

W. F. SANDERS and H. N. BLAKE, for appellant.

The respondent did not perform all the services upon the appellant's mill. The statement shows that some of his time was occupied in making sleds, ox frames, mining tubs, and cutting logs and working upon buildings not owned by appellant. The court below should have separated the items of respondent's account, and determined what amount should be a lien upon the mill, and what amount should be

a lien upon other property of appellant. The amount that was not a lien should have been found by the court.

The statute requires a mechanic to perform his labor upon the building, which he seeks to incumber with his lien. Acts 1865, 332, § 1. Respondent's work upon sleds, ox-frames, tubs, etc., could not, under this statute, be a lien upon the mill or any buildings of appellant. Respondent's work upon buildings owned by his brother and father could not be a lien upon appellant's property.

Respondent never made any legal appropriation of appellant's payments to him in discharging his claims for labor upon sleds, desks, tubs, etc. " Said appropriation was done by advice of his counsel *at the time the lien was drawn up.*" Statement. Christnot should have made a specific appropriation of the money at the time he received it from appellant, if it was due to him on distinct accounts. The doctrine of appropriation applies only when the accounts are distinct in themselves, and are so regarded and treated by the parties. If the whole may be treated as a continuous contract, payments are generally applied to the earlier items of the account. 2 Pars. on Cont. 629–633.

Appellant had no knowledge of any pretended appropriation by respondent. Statement. Respondent could not appropriate the payments, as claimed, without the knowledge of appellant. 2 Pars. on Cont. 631.

The requirements of the statute, securing the lien to mechanics, must be strictly complied with. *Bottomly* v. *Rector*, 2 Cal. 91, 3 Pars. on Cont. 276; *Blythe* v. *Poultney*, 31 Cal. 234.

Respondent must prove that he has a mechanic's lien upon appellant's mill. The contract for constant employment, found by the court below, does not affect his right to the lien claimed. If it is impossible to ascertain what proportion of the judgment can become a lien upon appellant's property; or, if services for which respondent might have a lien are combined with other charges for which no lien is given, respondent loses the benefit of the statute. *Edgar* v. *Salisbury*, 17 Mo. 271.

W. M. STAFFORD and WORD & SPRATT, for respondent.

Respondent worked as a mechanic, under a contract, for appellant. No act of appellant could remove his liability to respondent until there had been a breach of or refusal to comply with the contract on respondent's part. The statute securing a lien to mechanics is intended to afford the laborer an opportunity to secure payment for his services. The lien accrues where the liability attaches, whether the work has been done under contract or otherwise. Where a contract exists, the act of the employer, preventing the laborer from fulfilling his part of the contract, will not affect the rights of the laborer under the lien law.

Respondent made tubs, etc., during the existence of appellant's contract to pay him five dollars per day until the mill was completed, and his right to a lien was not impaired thereby. The court has determined the amount that should be secured by a lien, and that the remainder has been paid.

Respondent had the right to appropriate all payments made by appellant on his account. If neither party makes a specific application of the money, the law appropriates it, according to the justice and equity of the case. Payments are not applied to the earlier items of an account, if a different intention can be gathered from the circumstances of the case. There are many exceptions to the rule that payments made generally are presumed to have been made in discharge of the earlier items of an account. 2 Pars. on Cont. 631–633 ; Chitty on Cont. 645, 649, and notes.

It is conceded that respondent appropriated the payments made to him by appellant before filing his lien and bringing this suit. The law fixes no time for the creditor to make the appropriation of the payments. Respondent could make it at any time, if the rights of third persons were not affected. Chitty on Cont. 645, n. 2.

KNOWLES, J. The respondent Christnot brought an action in the court below to foreclose a mechanic's lien upon a quartz mill of the appellant, the Montana Gold and Silver Mining Company. The court gave the respondent judg-

ment, and a decree for the sale of said mill property to satisfy the same.

The appellant made a motion for a new trial, which the court denied; from which order the appellant appealed to this court.

From the evidence set forth in the bill of exceptions, it appears that the respondent entered into a contract with appellant to perform mechanical labor on and about the said quartz mill of appellant, for $5 per day; that this was less than the usual price, but was consented to by respondent on the promise of constant employment; that he performed, under the orders of the agent of the appellant, work upon a house for the agent; that at different times he worked at making sleds, ox frames, tubs and cutting logs for the appellant, etc.; that respondent worked on the mill one hundred and ten days; that appellant paid him certain amounts on his labor; that at the time of making out his lien, he appropriated these payments, first, in liquidation of the account for labor not performed on the mill, and then in payment for the labor on the mill, so far as it would go. It is not denied there is still due respondent, on all the labor performed, the balance he claims. It is not contended that the appellant at any time appropriated these payments.

The main question presented in this case is, had the respondent the right to appropriate the payments to him in liquidation of the labor performed by him not on the mill.

It is contended by the appellant that the account between respondent and appellant was one, not different accounts; and that the respondent had no right to select out certain items, and apply the money he received in payment of them. The evidence shows that the respondent was hired by appellant to perform labor in a quartz mill. If respondent performed labor, which cannot be treated as labor on the said quartz mill, then the respondent has two distinct accounts, not one. The one hundred and ten days' labor were performed under an express contract for work on a quartz mill and its appurtenances. The balance of the work

was not on this quartz mill, or its appurtenances; and hence, was not performed under this contract. The company was liable for this labor on an implied contract. It is not contended that the original contract was ever varied or waived. The respondent treated the work done by the orders of the agent of the appellant, on his house, as work performed for the company. What issues were presented to the court below we do not know, as the pleadings in the cause are not made a part of the transcript. From the evidence set forth in the bill of exceptions, and from the brief filed by the appellant, this court is warranted in the inference that there was no issue presented to the court below upon the amount of indebtedness, but only as to the amount for which respondent was entitled to a lien upon the quartz mill. If there was such an issue presented, from the evidence set forth in the transcript, this court could not determine whether the court below had taken into consideration the amount of labor performed upon the building of the agent, in making up its findings of the amount of labor performed for appellant by respondent or not. Hence it will be seen there is not enough presented in the record to warrant us in interfering with the findings of the court below on this point.

The respondent, having two distinct accounts, could, at any time before he made out and filed his lien, as the appellant had not up to that time appropriated the payments made to respondent, appropriate them to the payment of either account. See *Haynes* v. *Waite*, 14 Cal. 446; *Field et al.* v. *Holland et al.*, 1 Am. Lead. Cas. 276.

We are inclined to hold that where a party performs labor for another in a case where he would be entitled to a lien for one part of his labor, and not for the balance, he may properly charge for his labor under two different accounts. And if the debtor, at the time of payment of any sum to the creditor, fails to make an appropriation to one or the other of the accounts, the creditor may do so at any time before he files his lien.

The respondent having appropriated the money paid to

him by appellant, first in payment for the labor not performed in the quartz mill, and then, as far as the balance would go, upon the labor on the said mill. And it appearing that the court below gave respondent judgment for $398.50 less than the value of the one hundred and ten days' labor performed in the said mill, we can find no error in the ruling of the court below.

The order and judgment of the court below is affirmed with costs.

*Affirmed.*

WARREN, C. J., concurred.