————o————

Andrew Gantner, Respondent, vs. F. T. Kemper, et al., Appellants.

1. *Mechanic's lien—Indiscriminate payments, when discharge the lien.*—In suit on a mechanic's lien, when it appears that the contractor was indebted to plaintiff on buildings other than the one described in the petition, and that payments were made on the general account and not on that of any particular building, the lien is not thereby discharged, unless the payments are sufficient to discharge all the debts. The effect of such payments would depend upon the application made by the contractor, at the time of payment, or in default of such application then upon that made by plaintiff at that time; or if no application were made by either, then the law would apply the payments as justice and equity might re-quire.

58 567
111 268
58 567
55a 646
58 567
166 85

*Appeal from Cooper Circuit Court.*

*Draffin & Williams,* for Appellants.

*McMillan & Brothers,* for Respondent.

HOUGH, Judge, delivered the opinion of the court.

This was an action under the statute in relation to mechanics' liens, brought by the respondent against F. T. Kemper, the owner of the premises sought to be charged with the lien, and Marcus Williams, the contractor, for work and labor done and materials furnished by him, in the erection of an addition to the dwelling house of said Kemper the sum claimed to be due being a balance of six hundred and eighty-two dollars.

Both defendants appeared and filed answers. The only defense insisted on at the trial was payment. There was a verdict and judgment for the plaintiff for the sum claimed and for the enforcement of the lien, from which defendants have appealed to this court.

It appears from the evidence that at the time plaintiff was engaged in building the Kemper house, the defendant, Williams, was indebted to him for work and labor done and materials furnished, for other houses finished or in course of erection. The payments pleaded by Williams in bar of plaintiff's action, are shown to have been made by him on general account, and not for or on account of any particular building. Plaintiff testified that these payments were by him, at the time they were made, applied to other claims for work and labor and materials, than the one in controversy.

During the progress of the trial defendant's counsel offered to prove by the defendant, Williams, that in the month of August, 1872, he did not owe the plaintiff anything on the Pigott or Trigg buildings. The court refused to admit the testimony, but ruled that defendant's counsel might ask generally, whether anything was due on the general account; to which ruling defendants excepted and assign this action of the court for error.

How many buildings there were in August, 1872, on account of which it was claimed that Williams, the contractor, was indebted to the plaintiff, does not appear from the record; and it is difficult to see how defendant's counsel expected to benefit their clients by this evidence, when Williams' own testimony shows conclusively that he never paid any sum whatever, on account of any particular building. We think, however, the testimony was competent, although it would have involved the defendant, Williams, in a contradiction, except upon the theory that he did not, at that time, owe the plaintiff anything on account of any building, except the Kemper building, and to this he had previously testified. He had also testified that he did not know whether he owed anything on Trigg's building in August, and subsequently swore that at the time of trial he did not owe the plaintiff one cent for any work done on any building. We do not think this error sufficient to warrant us in reversing the judgment, as it is plain that the defendants could not have been injured by it. The same testimony, from the same witness, was in substance already before the jury.

Error is further assigned on the refusal of the court to give the following instruction, asked by the defendants: " The jury are instructed in this case, that if they find from the evidence that there was a running account between plaintiff and the defendant, Williams, with debits and credits for work and labor done and materials furnished on the house and building mentioned in the petition, as well as for labor done and performed and materials furnished for other parties on other houses, and that the defendant, Williams, was in the habit, from time to time, of making payments to plaintiff promiscuously for said work and labor and materials so done and furnished, then the plaintiff has no lien on the building mentioned in the petition, and the jury ought to find as to the defendant, Kemper, the issues for him.

This instruction did not correctly declare the law. The right of plaintiff to a lien in this case was dependent upon an existing indebtedness to him for work and labor done and

materials furnished by him for the Kemper building, under a contract with the defendant, Williams. This indebtedness existed unless it had been discharged by the payments made by Williams. While the debt remained the lien continued. As there were other debts than the Kemper debt, due from Williams to plaintiff, payments by Williams to plaintiff, unless they were sufficient to discharge all the debts, did not necessarily discharge the Kemper debt. The effect of such payments would depend upon the appropriation thereof made by Williams, at the time of making them, or if no application were made by him, then upon the appropriation made by the plaintiff at the time of receiving them; and if no appropriation were made by either, then the law would apply them as the justice and equity of the case might require. (Waterman vs. Younger, 49 Mo., 413; Middleton vs. Frame, 21 Mo., 412; McCune vs. Belt, 45 Mo., 174.)

Bare payments upon general account could not have the effect claimed for them in the instruction under consideration, and the court committed no error in refusing it.

The question of indebtedness on account of the Kemper building was, under instructions substantially correct as to the application of the payments made by Williams on general account, fairly submitted to the jury, and we shall not disturb their finding.

The other judges concurring except Judge Vories, who is absent, the judgment will be affirmed.