C. C. Murphy, Appellant, v. James T. Murphy, Respondent.

St. Louis Court of Appeals, December 20, 1887.

Practice—Former Appeal.—Questions which were considered and adjudicated in the same cause on a former appeal are not open to argument, and will not be considered by the court.

Appeal from the St. Louis Circuit Court, Hon. Shepard Barclay, Judge.

*Affirmed.*

A. R. Taylor, for the appellant.

David Murphy, for the respondent.

Rombauer, J., delivered the opinion of the court.

This cause was twice before this court heretofore. Once upon the plaintiff's appeal (No. 2982, March term, 1884, opinion not reported), and once upon defendant's appeal (22 Mo. App. 18).

The substantial controversy between the parties is, whether certain work, done by plaintiff at defendant's request, in the erection of a house, was done under a special contract or otherwise; and as to that issue the pleadings have been the same in substance upon all the trials of the cause. The facts are fully set out in our former opinion (22 Mo. App. 18), and it is needless to reiterate them now.

The first complaint made by plaintiff upon the present appeal is, that the court refused the following instruction asked by him as to the burden of proof:

"The court instructs the jury that the burden of proving that the plaintiff made a contract with the defendant to furnish the labor and materials, excepting

rock-work, to erect the house mentioned in the petition, for the sum of $1,918, is upon the defendant pleading it."

And gave the following instruction to the jury on that subject:

"The burden of proof is on the plaintiff in this action to show that either there was no price agreed upon between plaintiff and defendant for the building of said house, including sheds and fencing, and excepting rock-work, or that the agreement between plaintiff and defendant for the building of said house (as above) was an agreement that plaintiff should build same for what the same should be fairly worth. If the plaintiff has established either of the states of fact above mentioned, by a preponderance of the evidence, he has sustained the burden of proof on said issue."

A similar complaint was made by the plaintiff when the case was here on his first appeal, when this court, Judge Bakewell delivering the opinion, disposes of it in the following terms:

"The court refused to tell the jury that the burden of proving that the defendant undertook to build the house for a specific price was on the defendant. We see no error in this. Of course it was for plaintiff to show the contract which he alleged. If he showed that, he thereby disproved the contract alleged by defendant. This did not make the establishment of a negative any part of plaintiff's case. Where the defendant admits the *prima-facie* case of plaintiff and sets up something affirmative in avoidance, then the burden is on defendant. But where plaintiff sets up a contract on a *quantum valebat*, for the performance of which he claims a lien, and defendant denies generally, and sets up that there was work done under a special contract for a fixed price, and that that price was paid, plaintiff must prove his contract as alleged to make out a *prima-facie* case."

The proposition thus stated is, on well-settled principles, the law of this case, and not open for re-argument. As the ruling of the court on the burden of proof was

in conformity therewith, the plaintiff's complaint on that score is entitled to no consideration.

The second complaint made by plaintiff is, that the court misdirected the jury as to the effect of the memorandum signed by plaintiff and handed to defendant and containing the following proposition : "House complete with bells and plumbing, excepting rock-work, $1,918. C. C. Murphy."

The defendant's evidence tended to show that this memorandum, written on a card, was given to defendant by plaintiff in answer to an inquiry, addressed to him what he would charge to do the entire job, except stonework ; that the memorandum was signed by plaintiff in defendant's presence and delivered to him ; that the defendant asked plaintiff, is that it, and the plaintiff replied that it was ; that thereupon defendant told the plaintiff to go ahead and build the house on those terms, and plaintiff went to work. This evidence was corroborated by Harry Alston and Michael Murphy.

The execution and delivery of the memorandum were not denied. The plaintiff testified that it was only an estimate of the probable cost of the building, as then contemplated, and was never delivered as a contract for the work that was done. The record also contains this recital : "The plaintiff in rebuttal gave evidence tending to disprove the evidence of James F. Murphy, Harry Alston, and Michael Murphy, as to the statement about there being a contract." This evidence is not preserved in the record in detail, and we are not justified to indulge in the presumption that it contradicted the defendant's evidence as to what occurred at this interview, since the plaintiff himself fails to contradict it, his evidence being, in substance, a mere statement of the legal effect of the memorandum as he viewed it.

The court, upon its own motion, gave the following instruction on this branch of the case :

"The court instructs the jury that the writing upon the card read in evidence does not of itself constitute a contract between the plaintiff and defendant for the

erection of the said house (excepting rock-work) mentioned in the petition. But if you find, from the evidence, that plaintiff gave such written card to defendant, and that the latter then agreed to pay plaintiff said sum of $1,918 for said work, then said transaction constituted a contract between said parties."

The instruction is in substantial compliance with the directions of this court, as contained in its opinion (22 Mo. App. 22), and could not possibly have misled the jury. It states the offer and its immediate unconditional acceptance, which was essential to constitute the contract. The plaintiff's delivery of the memorandum in answer to an inquiry what he would do the work for, is an offer to do the work for the price named therein, and when followed by acceptance constitutes a contract binding on both parties. The plaintiff's mental reservation, that he intended it as a mere estimate, can have no possible bearing on the effect of the transaction.

All the judges concurring, the judgment is affirmed.