JOHN REITZ, Appellant, v. J. M. GHIO, Respondent.

**St. Louis Court of Appeals, December 8, 1891.**

1.  **Mechanics' Liens :** SUFFICIENCY OF ACCOUNT. If a contractor confuses several accounts together, the identity of his mechanics' lien claim is lost, and the lien is invalid.

2.  ———— : ————. The owner of a building has the right to know from the account filed as the mechanics' lien the amount of the lien claimed, in order that, by paying or tendering the amount, he may discharge the incumbrance. This rule has especial applica-tion in cases arising between the owner and a subcontractor ; and *held,* that the account in the case at bar was within it, and, there-fore, fatally defective.

*Appeal from the St. Louis City Circuit Court.*—HON.
LEROY B. VALLIANT, Judge.

AFFIRMED.

*Henry A. Boemler*, for appellant.

*Rudolph Schulenburg* and *Rassieur & Schnurmacher*, for respondent.

THOMPSON, J.—This action was brought by a subcontractor to recover the sum of $1,100 from Gerhard & Son, the principal contractors, for work and labor done and materials furnished to them ; and also seeking to enforce a mechanics' lien for such work, labor and materials, against the house of the defendant Ghio. Judgment was rendered by default against Gerhard & Son, and Ghio defended, contesting the right of the plaintiff to a mechanics' lien against his house. The cause was tried by the court sitting as a jury. No instructions were asked or given. The court took the cause under advisement, and finally rendered a judgment in favor of the defendant Ghio, denying the right of lien ; to reverse which judgment the plaintiff prosecutes this appeal.

No errors are assigned in respect of any rulings upon the admission of evidence ; but the assignment of errors, if such it can be called, is merely tantamount to a request that we should retry the case upon the record. This we cannot do in any such case, it being a case at law, unless the state of the evidence is such as to exhibit the extreme case stated in *Lionberger v. Pohlman*, 16 Mo. App. 392, of the trier or triers of the facts refusing to believe evidence which is clear, unimpeached and subject to no circumstance of suspicion. Such is not the case here. The record discloses two good reasons justifying the court in finding as it did.

I. The plaintiff performed work and labor, and furnished materials to the principal contractors, the defendants, Gerhard & Son, on several different buildings, and stated the accounts separately *as charged on one side of his ledger,* but entered all credits as credits on general account on the other side of the ledger. Nor-

did the plaintiff's evidence show that he had applied the credits to any particular building by anything beyond a mere mental act,—by any physical act evidencing an intention to apply them in any particular way. In this state of the evidence the trial judge, sitting as a trier of the facts, might not have been satisfied that any particular amount due to the plaintiff by the principal contractors was justly chargeable against the house of the defendant Ghio. Nor can we say that the court would have been wrong in taking the view, that the evidence made a case within the rule laid down by this court in *Schulenburg v. Robinson*, 5 Mo. App. 561, where the court held that, if a contractor confuses several accounts together, the identity of his lien claim is lost.

II. The lien paper is fatally defective. It embraces three different accounts : An account for cut stone, amounting to $292; an account for hauling stone, amounting to $237, and to this the plaintiff adds, not an account showing an indebtedness of Gerhard & Son to plaintiff, but an account of another firm, Milne & Gordon, made out on their printed bill-head against plaintiff for granite furnished to the residence of the defendant Ghio. These items are not footed up, and no general amount is carried out, nor is a statement of the amount due contained in any part of the lien account. This brings the case within the principle, declared by this court in *Nelson v. Withrow*, 14 Mo. App. 277, that " the owner of a building has the right to know from the account filed the amount of the lien claimed, in order that by paying or tendering the amount he may discharge the property of the incumbrance." This principle must be of especial application in cases arising between the owner and a subcontractor, where the owner is not presumed to know what is due the subcontractor, that being a matter between him and the principal contractor. We, therefore, take it that, leaving

out all other questions, it would have been error for the circuit court to have held that the plaintiff was entitled to a mechanics' lien against the house of Ghio.

The judgment will acordingly be affirmed. All the judges concur.