Price v. Merritt.

FRANK N. PRICE, Respondent, v. GEORGE MERRITT *et al.*, Appellants.

Kansas City Court of Appeals, January 8, 1894.

1. **Mechanics' Liens**: LIENABLE AND NON-LIENABLE ITEMS. A lien paper is not inadmissible because some of the items are non-lienable, when they are separately stated and not mingled with lienable items.

2. **Trial Practice**: INSTRUCTIONS IN TRIAL BEFORE COURT. In trials before the court instructions are unimportant save as showing upon what theory the court arrived at the results.

3. **Mechanics' Liens**: TITLE IN MORTGAGEE. Where the title to the real estate is in a mortgagee, who directs and assents to an improvement, such real estate will be subject to the lien for such improvement.

4. ———: COMMISSION: DRAYAGE. Items for drayage, freight and commission are proper charges in a lien account, where the contract for furnishing the material was that the material-man should have ten per cent. above cost and carriage to him.

5. ———: ACCOUNT: APPLICATION OF PAYMENTS. Payments were made
    without direction as to their application and were not at the time
    applied by the creditors. *Held*, the court properly applied them to
    the non-lienable and unsecured portion of the account.

*Appeal from the Cass Circuit Court.*—HON. W. W.
WOOD, Judge.

AFFIRMED.

*Noah M. Givan* for appellant.

(1) There is a mingling together of items lienable
with those non-lienable so that they cannot be separated
upon an inspection of the account. Neither does the
account show an itemized statement of credits or pay-
ments. *Guass v. Hussmann,* 22 Mo. App. 118; *Foster
v. Wolfing,* 20 Mo. App. 89; *Nelson v. Withrow,* 14
Mo. App. 279; *Riley v. Milling Co.,* 44 Mo. App. 525;
*Smith v. Haley,* 41 Mo. App. 620; *Rude v. Mitchell,* 97
Mo. 373; *Grace v. Nesbit,* 109 Mo. 17; *Curless v.
Lewis,* 46 Mo. App. 280. (2) The contract for fur-
nishing materials was not made with the owner or pro-
prietor of the premises, his agent, trustee, contractor
or subcontractor. Revised Statutes, 1889, sec. 6705;
*Garnett v. Berry,* 3 Mo. App. 197; *Squires v. Filhian,*
27 Mo. 134; *Porter v. Tooke,* 35 Mo. 107; *Kline v.
Perry,* 51 Mo. App. 422; *Henry v. Mahone,* 23 Mo.
App. 83. (3) The items of drayage, freight and com-
mission charged in plaintiff's account, are not liena-
ble and they cannot be made so by contract. The
statute only gives a lien for "work or labor done, or
materials, fixtures, engine, boiler or machinery fur-
nished," and drayage, freight and commission are
neither of these. Revised Statutes, 1889, sec. 6705;
*Lowis v. Cutter,* 6 Mo. App. 54; *Nelson v. Withrow,
supra; Blakey v. Blakey,* 27 Mo. 39. (4) The court
committed error in refusing defendant's instruction

number 5, and in modifying and giving the same as modified. Unless the, material sued for was used in the building upon which the lien is claimed, then there is no lien. *Shulenberg v. Prairie Home Inst.*, 65 Mo. 295; *Simmons v. Carrier*, 60 Mo. 582; *Fitzpatrick v. Thomas*, 61 Mo. 561; *Deerdorfer v. Everhart*, 74 Mo. 37; *Fathman v. Ritter*, 33 Mo. App. 407. (5) The court committed error in making application of payments made by defendants Wallace and Calvin Merrill in such manner as to preserve, as far as possible, the lien of plaintiff, instead of applying such payment to the oldest items of the account sued on. 18 American & English Encyclopedia of Law, pp. 245, 246, 247 and 249; *Hersey v. Bennett*, 28 Minn. 86; 41 Am. Rep. 271; *Miller v. Miller*, 23 Me. 22; 39 Am. Dec. 597; *United States v. Kirkpatrick*, 9 Wheat. 720; *Poulson v. Collier*, 18 Mo. App. 60; *Goetz v. Piel*, 26 Mo. 641; *Nelson v. Withrow, supra.*

*W. D. Summers* for respondent.

(1) The account filed as a basis for the lien complies in full with the requirements of the law as laid down by the following authorities. *Pullis v. Hoffman*, 28 Mo. App. 666; *McLaughlin v. Schawacker*, 31 Mo. App. 365; *Lumber Co. v. Strimple*, 33 Mo. App. 154; *Miller v. Whitelaw*, 28 Mo. App. 639; *Johnson v. Mfg. Co.*, 23 Mo. App. 456; *Lumber Co. v. Kesogan*, 52 Mo. App. 418; *Grace v. Nesbitt*, 119 Mo. 9; *Deardoff v. Roy*, 50 Mo. App. 70-77. (2) Plaintiff was original contractor and material-man, and furnished the material with the knowledge and consent of the legal owner, whose property was thereby made liable. *O'Leary v. Roe*, 45 Mo. App. 573; *Allen v. Sales*, 56 Mo. 28; *Collins v. Megraw*, 47 Mo. 395; *Tucker v. Gest*, 46 Mo. 339; *Cline v. Cline*, 51 Mo. App. 422;

*Seaman v. Paddock*, 51 Mo. App. 466; *Cowen v. Paddock*, Sup. Ct. 17 N. Y.; Sup. 387, 43 N. Y.; S. R. 342; *Spruch v. McRoberts*, Sup. Ct. 45 N.Y.; S. R. 624; 19 N. Y. Sup. 128; *McCue v. Whitewell*, 30 N. E. Rep. (Mass.) 1134; *Carew v. Slubbs*, 30 N. E. Rep. (Mass.) 219. (3) The court made application of payment so as to preserve the lien, in accordance with the rule laid down by the authorities. *Waterman v. Younger*, 49 Mo. 413; *Gantler v. Kemper*, 58 Mo. 567; *McKelvey v. Janis*, 87 Mo. 414; *McQuaide v. Stewart*, 48 Pa. St. 198; *Foster v. McGraw*, 64 Pa. St. 464–469; *Christnot v. Montana & S. M. Co.*, 1 Mont. 44; *Capron v. Strout*, 11 Nev. 304; Phillips' Mechanics' Lien [2 Ed.] sec. 287, p. 478; *Nichols v. Culver*, 51 Conn. 177.

ELLISON, J.—This action was brought to enforce a mechanics' lien. The trial was before the court without a jury. Judgment was entered for plaintiff, and one of the defendants appeals.

There was an objection taken to the sufficiency of the petition in that, as stated, it failed to show that "these defendants were original contractors, or whether plaintiff was charged as an original contractor or subcontractor." This objection is not borne out by the allegations of the petition. So of the lien paper we will say, in answer to the objection to its introduction, that it was properly admitted in testimony. There was evidence in the cause for and against the material allegations of the petition, and on this evidence the court made a special finding of facts. An objection to the account or lien paper is that it contained items which were lienable and those which were not. This would not affect that part of the account which was for lienable material. It is, however, a part of the objection that the lienable and non-lienable articles are so mingled that they cannot be distinguished. But the

lien paper does not bear out such objection. There is no mixing of lienable and non-lienable matter. The account itself is good and sufficient on its face, and if any article is not lienable it arises upon the evidence showing that it was not furnished, or did not go into the improvement. There is no combining together into one item proper and improper material. The fact that several items appear in an account, some of which are proper and some not, as before stated, does not affect those that are proper.

The objection based upon the four months' limitation was not made at the trial and, besides, is not the limitation which applies to plaintiff's lien.

Since the court tried the case without a jury the instructions are unimportant save as showing upon what theory the court arrived at the result, and in this respect we have no hesitation in declaring them free from error. Instruction number 5 could not have been understood by the court as contended by defendants.

As to this appealing defendant, the court, in its finding of facts, found "that the defendant, George. Merrill, is the owner of record of the real estate against which the lien is sought to be enforced, and the same being purchased by the other defendants, and being conveyed to the said George Merrill, at the instance of the other defendants, for the purpose of securing him in an indebtedness of about the sum of $1,000 due to the said George Merrill from the said Calvin Merrill and B. M. Wallace; that the said defendants, Calvin Merrill and B. M. Wallace, contracted for the construction and erection of the said building, under the authority, by consent, and with the approval of, the said George Merrill, he, the said George Merrill, furnishing to the defendants, Calvin Merrill and B. M. Wallace, the sum of $500, which was to be used in the construc-

tion of said building, and was a part of the above mentioned $1,000.

This finding is, in effect, that the defendant, George Merrill, held the legal title to the property as security for $1,000 loaned to the other defendants. In other words, he was a mortgagee, and as such he directed and assented to the improvements for which this lien is sought. Under these circumstances the court was right in holding the property, the title to which was thus in said Merrill, subject to the lien. *O'Leary v. Roe,* 45 Mo. App. 573; *Allen v. Sales,* 56 Mo. 28; *Collins v. McGraw,* 47 Mo. 495; *Spruck v. McRoberts,* New York Court of Appeals, October Term, 1893.

Among the items in the lien paper were those for freight and "commission," or a per cent. above cost. On this the court made the following finding and declaration: "That the items of drayage, November 28, 1891, $1; December 7, 1891, freight on same from Kansas City, $2.60, and commission ten per cent., $5.95; December 14, ten per cent. commission, $1.30; amounting in all to $10.85, are lienable, the plaintiff having agreed to sell lumber to defendants, Wallace and Calvin Merrill, at ten per cent. above cost and carriage to him, and these items being so stated on plaintiff's books for the purpose of showing a compliance with the contract."

This was a proper disposition of the matter. The effect of this ruling of the court was simply to allow plaintiff the contract price for his material.

There were matters of account between these parties for which there was no lien. Payments were made but no direction given by defendants for their application, nor were they at the time applied to either by plaintiff, he simply entering credit generally. Under these circumstances the trial court properly applied the credit to that portion of the account which was not

lienable and for which there was no security. This is in keeping with an equitable principle which has frequently received the approbation of the courts in cases of this nature. *Gantler v. Kemper*, 58 Mo. 567; *McQuaide v. Stewart*, 48 Pa. St. 198; *Christnot v. Montana*, 1 Mont. 44; *Capron v. Strout*, 11 Nev. 304; *Foster v. McGraw*, 64 Pa. St. 464.

In the latter case it was held that, when one who owes several debts to another makes payment and no application is made by either party, the law applies them to the debt which is least secured.

This court by HALL, J., in *Poulson v. Collier*, 18 Mo. App. 607, and the St. Louis court of appeals in *Goetz v. Piel*, 26 Mo. App. 634, by THOMPSON, Judge, held that under such circumstances the credit would be applied by the court, in the absence of designation by the parties, generally to the oldest items of the account, except in cases where some of the debts are more precarious, in which instance the payment will be applied to those in preference to others which are secured. This is, also, practically, the view as stated by the supreme court in *Beck v. Hass*, 111 Mo. 268.

A consideration of the other objections urged by defendants has not resulted in the conclusion that the judgment should be disturbed, and it is accordingly affirmed. All concur.