PHILIP GRUNER & BROTHERS LUMBER COMPANY, Respondent, v. SAMUEL L. JONES *et al.*, Defendants; LEWIS C. NELSON and H. L. HAYDEL, Appellants.

St. Louis Court of Appeals, May 4, 1897; Modified and Refiled June 1, 1897.

1. Mechanic's Lien: GENERAL CONTRACT: CONSTRUCTION OF STATUTES. The words "one general contract" in section 6729, Revised Statutes 1889, are not restricted to the contractor for the erection of buildings or making of improvements, but include a material-man who makes a general contract to purchase all the material, or all of a specified kind, for the buildings or improvements.

2. ———: LIEN FILED ON CONTIGUOUS LOTS: DEFECTIVE DESCRIPTION: INACCURATE STATEMENT: FATAL ERROR. The failure of a lien filed for material furnished for and used in one and the same building on contiguous lots, to correctly describe the property, and to give a true and accurate statement of plaintiff's account against one of the defendants sought to be charged, was fatal as to such defendant; and such defect could not be cured by evidence on the trial.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED IN PART, AND REVERSED IN PART.

*Dickson & Smith* and *Daniel G. Taylor* for appellant Nelson.

The mechanic's lien law is purely statutory, and while it should be construed liberally, so as to give effect to its beneficent purposes, it can not be extended to a state of facts not fairly within the purview of the statutes. *McMahon v. Vickery*, 4 Mo. App. 225; *Hewitt v. Truitt*, 23 *Id.* 443; *Spence v. Barnett*, 35 N. Y. 94; *Tiley v. Hotel Co.*, 9 Hun. 424; *Stephens v. Holmes*, 64 Ill. 336; *Huntington v. Barton, Id.* 502; *Canisius v. Merrill*, 65 *Id.* 67; *Belanger v. Hersey*, 90

*Id.* 70; *Spruck v. McRoberts*, 37 C. L. J. 477; *Copeland v. Kehoe*, 67 Ala. 594; Phil. on Mech. Liens, sec. 15.

Where materials are furnished for and used in the erection of an improvement, consisting of two or more buildings united together and situated upon one lot or contiguous lots, or separate buildings upon contiguous lots, it is necessary to file separate liens against each lot, unless the improvements are erected under one general contract. Sec. 6729, R. S. 1889; *Fitzpatrick v. Thomas*, 61 Mo. 512; *Fitzgerald v. Thomas, Id.* 499; *Fitzpatrick v. Thomas*, 76 *Id.* 513; *O'Connor v. R. R.*, 111 *Id.* 185; Phil. on Mech. Liens, 229, 324, 373; *Livermore v. Wright*, 33 *Id.* 31; *Allen v. Smelting Co.*, 73 *Id.* 688; *Henry v. Mahone*, 23 Mo. App. 83; *Fullerton v. Leonard*, 3 S. D. 118. See, also, Phil. on Mech. Liens, 324, 325; *Bank v. Berry*, 52 Me. 293.

When materials are furnished for and used in the erection of improvements extending over two lots belonging to different owners, it is necessary to file separate liens. Phil. on Mech. Liens, sec. 373; *Gorgas v. Douglas*, 6 S. & R. (Pa.) 512; *Kerbaugh v. Henderson*, 3 Phil. 17; *Doris v. Fair*, 1 Harris (Pa.), 167.

A notice of lien which mingles items and amounts for materials which went onto other property, will defeat the lien; and such defect can not be cured by evidence on the trial. R. S. 1889, secs. 6709, 6723; *Edgar v. Salisbury*, 17 Mo. 271; *Nelson v. Withrow*, 14 Mo. App. 270; *Murphy v. Murphy*, 22 *Id.* 18; *Gauss v. Hussman, Id.* 115; *Reitz v. Ghio*, 47 *Id.* 287; *O'Connor v. R. R. Co.*, 111 Mo. 185; *Cahill v. Ely*, 55 Mo. App. 102; *O'Brien B. Works v. Haydock*, 59 *Id.* 653; *Morris v. Rockaway*, 1 C. E. Green (N. J.), 150; *Gorgas v. Douglas, supra; Leptwich v. B. L. Ass'n*, 104 Ala. 584; Phil. on Mech. Liens, sec. 377.

See, also, *Byrd v. Cochran*, 39 Neb. 109; *Badger v. Holmes*, 44 *Id.* 244; *Heins v. Cochran, Id.* 12.

A mechanic's lien for materials furnished to a lessee will affect nothing more than the estate of the lessee in the premises, and the contractor can not acquire any greater estate than the person who employed him had. The rule *caveat emptor* will not apply. R. S. 1889, sec. 6705; *Cornell v. Barney*, 94 N. Y. 394; *Knapp v. Braun*, 45 *Id.* 207; *Muldoon v. Pitt*, 54 *Id.* 269; *Roth v. Bellingrath*, 71 Ala. 55; *Francis v. Sayles*, 101 Mass. 435; *Hayes v. Fessenden*, 106 *Id.* 228; *Conant v. Brackett*, 112 *Id.* 18; *Vanderbilt v. Williams*, 40 Ill. App. 298; *O'Connor v. Warner*, 4 Watts & S. 223; *Kirk v. Talliaferro*, 8 S. & M. (Miss.) 754; *Harmon v. Allen*, 11 Ga. 45; *Dutro v. Wilson*, 4 Ohio St. 102; *Mills v. Mathews*, 7 Md. 315; *Johnson v. Drew*, 36 Cal. 623; *McClintock v. Crisswell*, 67 Pa. St. 183; *Schulenburg v. Gibson*, 15 Mo. 288; *Squires v. Fifthian*, 27 *Id.* 134; *Koenig v. Mueller*, 39 *Id.* 165; *Reisse v. Mueller, Id.* 169; *Broadwell v. Clark, Id.* 170; *McMahon v. Vickery*, 4 Mo. App. 225.

*Lubke & Muench* and *George W. Lubke, Jr.*, for respondent.

The court found the improvement in question to be one building or structure. This structure was erected on two leaseholds belonging to the same person. Whether the structure was erected under one or more contracts, therefore, makes no difference in deciding the case at bar. *Kern v. Pfaff*, 44 Mo. App. 29; *Kearney v. Wurdeman*, 33 *Id.* 447; *Burns v. Braun*, 35 *Id.* 337; *Page v. Betts*, 17 *Id.* 366; *Deardoff v. Roy*, 50 *Id.* 71.

A notice of mechanic's lien which claims more than is really due, is not bad, unless the owner of the

property can show he has been in some manner injured thereby. *Henry v. Plitt*, 84 Mo. 237; *Fruin, etc., Co. v. Jones*, 60 Mo. App. 1.

The fact that the claim of lien filed did not separately state how much of the material in question entered into the part of the improvements situated on the property of Nelson, does not invalidate the lien. *Lumber Co. v. Kroeger*, 53 Mo. App. 418; *Pullis v. Hoffman*, 20 *Id.* 666; *Schroeder v. Mueller*, 33 *Id.* 28; *Price v. Merritt*, 55 *Id.* 640; *Allen v. Frumet, etc., Co.*, 73 Mo. 688; *Johnson v. Barnes, etc., Co.*, 23 Mo. App. 546.

A lessee or vendee of real estate, who enters into possession of the same under a contract with the lessor or vendor to improve the property, is the agent of the lessor or vendor, and the interest of the lessor or vendor is liable for the value of materials or labor furnished to the improvement. *O'Leary v. Roe*, 45 Mo. App. 465; *Hall v. Parker*, 94 Pa. St. 109; *Long v. McLanahan*, 123 *Id.* 537; *Barclay v. Wainwright*, 86 *Id.* 191; *Burkett v. Harper*, 79 N. Y. 273; *Hackett v. Badeau*, 63 *Id.* 476; *Otis v. Dodd*, 90 N. Y. 336; *Schmalz v. Mead*, 125 *Id.* 188; *Miller v. Mead*, 127 *Id.* 544; *Hilton v. Merrill*, 106 Mass. 528; *Smith v. Morris*, 120 *Id.* 58; *Henderson v. Connelly*, 123 Ill. 98; *Hill v. Gill*, 40 Minn. 441; *Weber v. Weatherby*, 34 Md. 656; *Moore v. Jackson*, 49 Cal. 109.

OPINION MODIFIED AND REFILED JUNE 1, 1897.

BLAND, P. J.—On May 11, 1895, Lewis C. Nelson, one of the appellants, was the owner in fee of a parcel of land in city block number 508, in the city of St. Louis, having a front of one hundred and twenty-two feet on the north line of Pine street, and extending northwardly one hundred and nine feet, one inch, to

an alley, subject to a deed of trust for $40,000, held by Schaare Emeth Congregation, a corporation. On the eleventh day of May, 1895, Nelson executed and delivered to William Richards and Arthur G. Merwin, a lease of said premises for a term of ten years, at a specified yearly rental of $5,500, and the payment by the lessees of taxes to be assessed against the premises during the life of the lease. The lease contains this further stipulation or clause, to wit: "Said lessees, for themselves, their heirs, executors and administrators, covenant and agree with the said lessor, his heirs and assigns, to erect or cause to be erected upon said ground before December 4, 1895, certain building and improvements and to expend in the erection of such improvements not less than $20,000; and in making such improvements it is agreed that the lessees may use such portions of the present structure now on said premises as can be safely used and adapted to the uses for which said improvements are to be made, same to be erected in conformity to plans and specifications already prepared and adopted" * * * "It is further agreed between the said lessor and lessees as a part of the consideration hereof, that at the expiration of the period of ten years for which this lease is to run (subject to the right of purchase meantime as herein provided), that the improvements erected upon said premises shall become the property of the lessor, his heirs and assigns absolutely." A short time after the execution of this lease it was assigned by the lessees to the Oriental Theatre Company, a corporation. The defendant, Henry L. Haydel, was the owner in fee of a certain other parcel of land in city block number 503 in the city of St. Louis, with a frontage of forty-two feet and two inches on Pine street, and extending back northwardly one hundred and nine feet and one inch to an alley. This parcel adjoined and laid contiguous

to the Nelson parcel. The Oriental Theatre Company, by assignment, became on June 11, 1895, the lessee of the Haydel lot for a term of ten years. There was a Jewish temple on the Nelson lot. This the Oriental Theatre Company undertook to reconstruct and change to a theatre building, and the plans and specifications mentioned in the Nelson lease as having been agreed upon were the plans and specifications which had been made and adopted for the purpose of constructing the temple into a theatre. On the eleventh day of June, 1895, the Oriental Theatre Company made a contract with the defendant, Jones, for the reconstruction of the Jewish temple (according to the adopted plans and specifications), situated on the Nelson lot. The contract price for the work and material agreed to be paid to Jones was $23,000. The Oriental Theatre Company agreed to place in the hands of one Frank R. Tate, $30,000 of the capital stock of the company, fully paid and nonassessable as collateral security to Jones for the performance of its agreement to pay the contract price on completion of the building and improvements. On July 17, 1895, the Oriental Theatre Company entered into another contract with Jones. To the second contract there is a preamble referring to the first, its purposes and objects, the fact that the Oriental Theatre Company subsequent to its execution became possessed by lease of the Haydel lot, the fact that the company desired and was erecting certain buildings on the Haydel lot, which were built up to against and temporarily joined on to and connected with the old building (the Jewish temple) which Jones was to erect under his contract of June 11, 1895, so that the two buildings might be used together. By this contract Jones agreed to complete, construct and finish a certain building on the Haydel lot, according to certain drawings, plans, etc., and to furnish all the material

necessary to finish the building. For this he was to receive $13,328. To secure the payment of the contract price to Jones, the company agreed to put in the hands of Frank R. Tate, to be held by him as security, $10,000 of fully paid up and nonassessable stock of the company. Jones proceeded to erect the buildings and made the improvements called for by his contract, and for this purpose bought the lumber and material itemized in the plaintiff's account, filed as a lien. No separate account of the lumber, which was used in the construction of the temple and in the erection of the building on the Haydel lot was kept. Jones, however, as a witness, while not able to itemize all the lumber that went into the building on the Haydel lot, or to designate specifically what particular part of the lumber was used therein, did make a satisfactory and apparently correct estimate of the value of all the lumber furnished by plaintiff which was used in the construction of that building. His estimate was that $828.07 worth of the lumber and material was used in that building. The building on the Haydel lot was erected for use as a dressing room, boiler room and for additional stage room to the theatre, the purpose being to heat and light the theatre, and to give additional stage room. The stage was so constructed as to be in both buildings. A part of the wall of the temple building was taken out for this purpose, and the stage made to project from the other building into the temple building, about thirteen feet in the centre and three and one half feet at the ends. So that the buildings not only joined, but it may be correctly said that the one projected into the other. On December 13, 1895, the plaintiff served Nelson with the following notice of his claim and intention to file his lien:

Lumber Co. v. Nelson and Haydel.

"ST. LOUIS, MO., November 25, 1895.
"*Lewis C. Nelson, City:*

"SIR:—Take notice that the undersigned has a claim against the theatre building and two new one story stores, situated upon the following real estate in the city of St. Louis, Missouri: A parcel of ground in city block 508, having a front of 122' on the north line of Pine street and extending northwardly between parallel lines 109' 1" to an alley 15' wide, being bounded on the west by Seventeenth street, which real estate is owned by you, subject to a deed of trust thereon, which claim is for the sum of $2,185.07 for lumber furnished by the undersigned for and to and used in the erection and improvement of said buildings, under contract with S. L. Jones, the contractor with the Oriental Theatre Company, a corporation, which holds by assignment a lease of said premises, recorded in book 1292, page 146 of the recorder's office of said city, made by you to William Richards and Arthur Merwin, and by them assigned to said company, said assignment being recorded in book 1282, page 20 of said recorder's office, in which lease you authorized and directed the lessees therein, and their assigns, to improve said premises with buildings and additions, and is due to the undersigned from said Jones, and accrued within four months prior to the giving of this notice.

"And take further notice that unless you pay the same within ten days from the date of the service hereof on you, the undersigned will file a mechanic's lien against said real estate, buildings and leaseholds on which the same are situated, and proceed thereon accordingly."

On the thirteenth of January, 1896, plaintiff filed in the office of the clerk of the circuit court of the city of St. Louis its lien, describing both the Nelson and Haydel lots therein, and claiming a lien on

both for the entire balance due it, $2,185.07. Suit was brought in due time to enforce this lien. Trial was had by the court without the intervention of a jury, and after hearing the evidence, the court found the issues for plaintiff, and rendered judgment against Jones for $2,230.38, and ordered that said judgment be a special lien against the leasehold interest of the Oriental Theatre Company, in both the Nelson and Haydel lots, and that special execution be levied upon the interest of the defendant Nelson in the first parcel of real estate described in the decree (the Nelson lot), and the improvements thereon to satisfy any balance not exceeding $1,566.29 and costs not satisfied out of the property of Jones and the leasehold interest of said Oriental Theatre Company.

No notice of an intention to file a lien was served on Haydel, and no lien was declared against his interest. From the judgment as rendered by the court, Haydel and Nelson alone have appealed.

Jones testified that there was $828.07 worth of plaintiff's lumber used in the construction of the building on the Haydel lot, including the stage. That the lumber in that part of the stage which projected into the temple building was worth $178.29. We infer that the court in estimating the value of plaintiff's lumber, which was used in the temple building, subtracted the $828.07 from the whole bill, then added the cost of lumber used in the construction of the stage, that was inside the temple building, to the balance, and gave interest thereon from date of demand, and declared a lien for the amount thus found against the interest of Nelson. One of the stipulations in the lease from Nelson, was that the lessees should expend $20,000 in making improvements upon the leased premises, according to plans and specifications which had been agreed to. These improvements were to become the property

of the lessor at the termination of the lease. In this state of the evidence it may be truthfully said the improvements on the Nelson lot and the material necessary to make them were made and furnished by his consent and for his benefit. He not only consented to them, but contracted with his lessees for them. The improvements were made and the material furnished under a contract authorized by him, and he must be held to have subjected his title in his lot to the plaintiff's lien, if the lien is otherwise valid. *O'Leary v. Roe*, 45 Mo. App. 567; *Hall v. Parker*, 94 Pa. St. 109; *Barclay v. Wainwright*, 86 Pa. St. 191; *Burkett v. Harper*, 79 N. Y. 273; *Hill v. Gill*, 40 Minn. 441; *Henderson v. Connelley*, 123 Ill. 98. But with the improvements on the Haydel lot he was in nowise connected or concerned; nor had he any interest in them, nor were they made by his authority. And the fact that the improvements on this lot adjoined those on his and were so connected as to make it necessary to use the theatre on his lot to use in connection therewith the building on the Haydel lot, alter the case. This was no contrivance of his, and his rights cannot be affected or prejudiced thereby. On the trial the plaintiff attempted to separate its account into two parts, and to prove the value of the lumber that was used in either building.

The court by its judgment charged a primary or first lien for the payment of the entire account against the leasehold interest of the Oriental Theatre Company on both lots, and then split the account and lien into two parts; found, inferentially, the value of the lumber used in the Nelson property to be $1,566.29, and charged his interest with a secondary lien for the payment of any balance that might remain of the $1,566.29 after exhausting Jones and the primary lien against the Oriental Theatre Company. It is contended by

MECHANICS' lien: appellant that these were separate and
general contract: distinct contracts for the improvements
construction of
statutes. to be made on each lot, and that there
should have been separate liens against each piece of
poperty for the material used on each.   The contracts
were made at different dates, but they were to be per-
formed within the same period.   Neither could have
been completed without the completion of the other.
The improvements contracted for, when completed,
were practically to form one and the same building, to
be used for one and the same purpose, and we think a
correct solution of this question requires us to hold
that the second was supplementary to and an enlarge-
ment of the first contract.   The lumber furnished by
plaintiff was furnished as ordered by Jones, the con-
tractor, and was used in the construction of the build-
ing as needed.   No separate bill for this lumber was
furnished the plaintiff, so far as the evidence shows,
but it appears to have been delivered from time to
time under one general agreement or contract to
furnish all the lumber for all the improvements.   The
right of the plaintiff to file its lien on both lots and to
charge the interests of the lessees therewith, is depend-·
ent upon the interpretation to be given section 6729,
Revised Statutes, 1889.   We think the intention of
the legislature, to be gathered from this section, was to
overcome defects that had been found in the me-
chanics' lien law, and to broaden its scope for the
benefit of all persons who are entitled to file a me-
chanic's lien under the general statute, and we agree
with the construction given this section by Judge
ELLISON of the Kansas City court of appeals in the case
of *Deardorff v. Roy*, 50 Mo. App. *loc. cit.* 74, that the
words, "erected under one general contract," are not
to be confined to a case where the owner may contract
for the completion of the buildings in one general con-

tract.'' The statute is a remedial one. Its evident purpose is to give a lien upon the property *en masse,* where work is done and material furnished in the construction of two or more buildings, or in making other improvements, upon contiguous lots, for the same owner and under one general contract. This general contract may be with the owner, or with a contractor to erect all the improvements. If A the owner of two contiguous lots should contract with B to-day to erect a house upon one of them, and to-morrow should make a contract with B to erect another house upon the other, and the day after B should contract with C to furnish all the lumber for both houses, including it all in one bill, and should thereafter use the lumber in the erection of the two houses, keeping no separate account of the lumber used in each, it appears to us that the spirit and equity of the statute would give C one lien upon both lots and improvements, for all his lumber that entered into the construction of the two houses. We think one of the objects of the statute was to cure just such a case, and that the ''one general contract'' mentioned in the statute should not be restricted to the contractor for the erection and construction of the buildings or the making of the improvements, but should be extended so as to include within its remedial provisions a material-man who makes a general contract to furnish all the material, or all of a specified kind, for all the buildings or improvements. This view of the statute leads to an approval of the judgment against the Oriental Theatre Company. The judgment does not attempt to affect the title of Haydel. He is in nowise prejudiced, as the only effect of a sale under the judgment would be to change his lessee.

LIEN filed on contiguous lots: defective description: inaccurate statement: fatal error. As to appellant Nelson, other and different questions arise. The lien filed did not correctly describe his property, for it described his and more than his; nor did

it give a true and accurate statement of the plaintiff's account, so far as Nelson was or could be chargeable therewith. These defects are fatal so far as it is attempted to affect the interest of Nelson with the lien. Secs. 6709–6723, R. S. 1889; *Murphy v. Murphy*, 22 Mo. App. 18; *Gauss v. Hussman*, 22 Mo. App. 115; *Reitz v. Ghio*, 47 Mo. App. 287; *Boiler Works Co. v. Haydock*, 59 Mo. App. 563; *O'Connor v. Current River Co.*, 110 Mo. 185; *Edgar v. Salisbury et al.*, 17 Mo. 271. Nor could the plaintiff obviate the difficulty in which it was placed by the intermingling of the accounts of lumber used on both lots, by separating it on the trial and offering proof of the value of that used on the Nelson lot. His lien paper should have shown this on its face, and its failure to do so could not be cured by oral testimony. *Edgar v. Salisbury et al.*, *Reitz v. Ghio*, *supra.* The cases of *Schroeder et al. v. Mueller*, 33 Mo. App. 28; *Price v. Merritt*, 55 Mo. App. 640; and *Allen v. Frumet, etc., Co.*, 73 Mo. 688, cited by respondents as upholding the sufficiency and validity of the plaintiff's statement of account in his lien paper, are no authority for their contention. In the *Schroeder* case a part of the material was wasted. In the *Price* case the nonlienable items were separately stated, and in the *Allen* case the nonlienable articles were included by inadvertence and were easily distinguishable from the lienable ones. No such conditions exist in this account. The nonlienable items are not separately stated; they are not distinguishable; they were not included by inadvertence. They were deliberately included for the purpose of charging the Nelson interest in the one lot with a lien for the whole of the material itemized in the bill as is apparent from the notice served on Nelson. As to Nelson the lien is void, and the judgment as to him is reversed. All concur.