JOHN O'LEARY, Respondent, v. E. R. ROE *et al.*, Appellants.

Kansas City Court of Appeals, May 25, 1891.

1.  Mechanics' Liens: OWNER : VENDOR AND VENDEE : CONTRACTS OF LATTER. One who has entered into possession under a contract to purchase, and who has erected buildings, may be regarded as an owner within the meaning of the mechanics' lien law, and bind his equitable interest in the land ; and, when under the contract between vendor and purchaser, the latter was, within ninety days, to build upon the lots and obtain money on a first lien upon the same, with the improvements thereon, with which to make the first payment of the deferred payments of the purchase money, the purchaser is authorized and empowered to make contracts for erecting buildings on the contracted premises, and the mechanics' lien growing out of such contracts will bind the title of the vendor.

2.  ——— : CONTIGUOUS LOTS : GENERAL CONTRACT : SEPARATE LIENS. The question as to the contiguity of buildings or lots does not arise when the buildings are erected under a general contract, and separate liens need not be filed.

*Appeal from the Jackson Circuit Court.*—HON. R. H. FIELD, Judge.

AFFIRMED.

*Fyke & Hamilton*, for appellant.

(1) The contract for the foundations was not made with the owner of the lots, hence no lien can be adjudged against the lots. *Jodd v. Duncan*, 9 Mo. App. 417; *Squires v. Fithian*, 27 Mo. App. 134. And this is so even though Roe had a contract for the purchase of the lots, and was in possession under that contract, and even though the owner had notice of Roe's intention to build and knew that the work was being done. *Thaxton v. Williams*, 14 Pick. 49; *Callaway v. Freeman*, 29 Ga. 408; *Jodd v. Duncan*, 9 Mo. App. 417. (2) The court erred in admitting the lien in evidence. *First.* The account is not sufficiently itemized. *Smith v. Haley*, 41 Mo. App. 611; *Rude v. Mitchell*, 97 Mo. 365. The charge for cementing cellar does not show where the cellar was, how it was cemented, nor anything about it. *Second.* The lien does not state that the lots are contiguous lots. *Heier v. Meisch*, 33 Mo. App. 35. Neither does it state that the work was done under one general contract. *Schrader v. Mueller*, 33 Mo. App. 28. (3) The plaintiff declared on a contract alleged to have been made by Roe for himself and Ridge and Shortridge. The contract introduced, over objection, of Ridge and Shortridge, was made by Roe alone. It was improperly admitted. The evidence shows conclusively that said contract was made by Roe on his own account; hence, defendant's demurrer to the evidence should have been sustained.

*Thos. F. Gates*, for respondent.

(1) The contention of the respondent is, that when it is shown that work and labor was done or

materials furnished, or improvements, upon land, under contract with the owner or his agent, that such contract, like others, may be direct, positive or implied, written or verbal. *Allen v. Sales*, 56 Mo. 28 ; Phil. Mech. Lien, secs. 65 and 66 ; *Schuyler v. Hayward*, 67 N. Y. 253 ; *Cohn v. Hayes*, 30 Ark. 25. To the same effect are the opinions of the court in the following cases : *Hilton v. Merrill*, 106 Mass. 528 ; *Smith v. Norris*, 120 Mass. 58 ; *Hackett v. Badeau*, 63 N. Y. 476. (2) The following cases, decided upon facts identical with this cause, lay down the doctrine in language and principle, not to be mistaken, that such a contract was sufficient authority to make Roe an agent within the meaning of the statute, to bind the land upon which improvements were erected with a lien upon the title of the vendor therein : *Hill v. Gill*, 40 Minn. 441 ; *Henderson v. Connelly*, 123 Ill. 601 ; *Weber v. Weatherby*, 34 Md. 656 ; *Hackett v. Badeau*, 63 N. Y. 476 ; *Allen v. Sales*, 56 Mo. 28 ; *Paulsen v. Wauske*, 24 Ill. App. 95 ; *Rush v. Perot*, 12 Phil. (Pa.) 175 ; *Hall v. Parker*, 94 Pa. 109. (3) The identical question involved in this action has never been passed upon, by the appellate courts of this state ; at least, upon diligent search no such case has been found. The doctrine of estoppel, however, as applied to mechanics' liens, leading up to the principle now contended for, will be found in the following cases to apply to this : *Collins v. Megraw*, 47 Mo. 476 ; *Tucker v. Gest*, 46 Mo. 339 ; *Allen v. Sales*, 56 Mo. 28. (4) The second objection to the lien by appellants is, that the lien does not state that the lots are contiguous. No such requirement is made by the statute. The lien shall describe the property or so nearly as to identify the same. This is a matter of pleading and proof. The cases of *Heier v. Meisch*, 33 Mo. App. 35, and *Schrader v. Mueller*, 33 Mo. App. 28, are cited by appellants ; no such ruling was made, the former cause was on the question of pleading, and in the latter the court said the question was not before them.

*Fyke & Hamilton*, for appellants in reply.

A party having a mere contract to purchase cannot charge a building he is erecting with a lien. *Hayes v. Fessenden*, 106 Mass. 228; *Poor v. Oakman*, 104 Mass. 309; *Johnson v. Pike*, 35 Me. 291; *Conner v. Lewis*, 16 Me. 268; *McGinnis v. Pennington*, 43 Conn. 143; Phillips on Mechanics' Liens [2 Ed.] sec. 72, p. 127; *Lumber Co. v. Sweiter*, 25 Pac. Rep. 592; *Huff v. Jolly*, 41 Kan. 537 · *Walker v. Burt*, 57 Ga. 20.

SMITH, P. J.—This action was brought to have declared and enforced a mechanics' lien. The defendant Shortridge entered into a written contract with Roe, another one of the defendants, by which the former conditionally sold the latter certain lots in Kansas City, Missouri, for $5,283.33; excepting a small amount paid at the time of signing the contract, the said amount of the purchase money was payable in three nearly equal payments, in ninety days and one and two years. The last two payments were to be secured by deed of trust upon the lots, which were to be subject to a prior deed of trust to secure a building loan not to exceed fifty per cent. of the value of the lots and improvements. There were a number of conditions in this contract, one of which was that the "buyer shall begin two houses upon the lots within ninety days, and complete the same as rapidly as possible,—houses to be built of brick in an artistic and workmanlike manner, and to contain not less than eight rooms each. The contract contained a number of other conditions, among these were the following: The seller to furnish within ten days a complete abstract of the title. "If upon examination it is found that the seller has any title in fee to said property, he is to execute to the buyer a general warranty deed thereto, properly executed and free and clear of all liens and incumbrances whatever, except only such as are to be assumed by the buyer herein and concurrently therewith,

O'Leary v. Roe.

and as a part of the consideration the buyer is to pay the balance, if any, of the cash payment, and to deliver to the seller the notes and deed of trust and policy of insurance hereinbefore provided for. If the title is found to be defective the seller is to have the defects in it rectified within a reasonable time, which is not to exceed thirty days from the date at which the transfer of the property is to be consummated in this contract. If, however, the title is good, and the seller has kept his part of the contract, and the buyer fails to comply with its requirements on his part within twenty days after being furnished with the abstract of title, then the aforesaid deposit of sixty-six and sixty-six-hundredths dollars ($66.66) shall be forfeited to the seller. For this cause this contract shall not cease to be operative between the parties thereto. Time is, and shall be, the essence of this contract; and the sale and transfer of said property, according to the provisions thereof shall be consummated within ninety days from this date."

In a few days after the signing of this contract, defendant Roe entered into a contract with the plaintiff, whereby the latter agreed to build all the walls in the foundations of the buildings to be erected on the said lots according to plans, in a workmanlike manner for $2.50 per perch. The work under this contract was commenced and prosecuted for about one month. Two of the foundations were completed and nearly a third, side by side, when defendant Roe stopped the plaintiff from going further for the reason he could not raise the money to complete all of them. Plaintiff was never paid anything for his work, which measured two hundred and sixty-four and two-fourths perches, and which at the contract price amounted to $635.40. In due time plaintiff filed the lien statement sued on, and gave the defendants, Shortridge and Ridge, notice thereof. Roe forfeited his contract with Shortridge, and surrendered the possession of the lots to Ridge, to whom the title had been conveyed by Shortridge, after the failure of Roe. The

plaintiff recovered a general judgment against Roe, and a special judgment against the lots. The defendants, Ridge and Shortridge, appeal.

I.   The defendants' appeal is based mainly upon the ground that the contract with the plaintiff for the foundations was not made with the owner of the lots, and, therefore, no lien can be adjudged thereon. The statute, section 6705, Revised Statutes, provides that, "Every mechanic or other person, who shall do or perform any work or labor upon, or furnish any materials * * * for, any building, erection or improvements upon land, * * * under or by virtue of any contract with the owner or proprietor thereof or his agent, * * * shall have for his work and labor done or materials * * * furnished a lien upon such building, erection or improvements, and upon the land belonging to such owner or proprietor on which the same are erected * * * to secure the payment for such work or labor done or materials * * * furnished." When a sale of a lot is made leaving it with the purchaser to improve it or not as he may desire, the lien of the mechanic, under such circumstances, would only attach to such title as the purchaser held. It has been held in this state, and elsewhere, that one who has entered into possession under a contract to purchase, and who has erected buildings, may be regarded as an owner within the meaning of the mechanics' lien law, and as such might, under the law, bind his equitable interest in the land. *Jodd v. Duncan*, 9 Mo. App. 417; *Hickox v. Greenwood*, 94 Ill. 266.

But, under the contract between vendor and purchaser in this case, the latter was, within ninety days, to build upon the lots and to obtain a first loan upon the same, with the improvements thereon, with which to make the first of the deferred payments of the purchase money. The only fair and reasonable construction to be placed on this provision of the contract is that the purchaser was authorized and empowered, by the

vendor, to enter into contracts with builders to furnish material and erect the buildings or any part thereof, on the lots to which he had the legal title. It was within the expressed contemplation of the parties to the con·tract, that the purchaser should proceed to erect the houses upon the lots of the vendor. By implication from the contract, the vendor authorized the purchaser to employ builders, to furnish materials and erect the buildings. The vendor by his contract has subjected the title to the lots to the lien of the plaintiff. The plaintiff is brought within the provisions of the statute. *Henderson v. Connelly*, 123 Ill. 98; *Hilton v. Merrill*, 106 Mass. 528; *Smith v. Norris*, 120 Mass. 58; *Hill v. Gill*, 40 Minn. 441 · *Hackett v. Badeau*, 63 N. Y. 476. It is quite true that a contrary ruling was made in *McGinnis v. Pennington*, 43 Conn. 146, and *Chicago Lumber Co. v. Sweiter*, 25 Pac. Rep. 592, and perhaps in other cases, but the principles and reasoning of the cases cited under the pending paragraph, being, as we think, more in consonance with the liberal and benefi-cent spirit of our mechanics' lien laws, will be adopted and followed in the case at bar. If Shortridge empow-ered Roe to cause buildings to be eıected on the lots, when the legal title was in him, upon what ground of principle can he now, after the labor has been expended and materials been furnished, claim that the plaintiff, who furnishes the materials and labor he in the contract authorized, shall look alone to the title held by Roe, which is nothing.

The principle of fair dealing cannot sanction such a precedent. He ought not to be heard in a court of justice to make such a claim. *Allen v. Sales*, 56 Mo. 28; *Collins v. Megraw*, 47 Mo. 495; *Tucker v. Gest*, 46 Mo. 339; *Henderson v. Connelly, supra; Weber v. Weatherby*, 34 Md. 656; *Hill v. Gill*, 40 Minn. *supra*.

II. It is contended that the lien does not show the lots, mentioned in the lien paper, are contiguous, and, therefore, it was improperly admitted in evidence. This

contention of the plaintiff cannot be sustained. When buildings are erected in pursuance of any of the conditions mentioned in the statute—section 6729—separate liens upon each building for the work and labor done or materials furnished need not be filed. The question as to the contiguity of buildings or lots does not arise when the buildings are erected under a general contract. The statute just referred to was enacted to overcome the rule declared by the supreme court in 61 Mo. 499-512. The lien paper, as well as the evidence in this case, show conclusively that all the work was done under a general contract. Ridge acquired the title of Shortridge, incumbered with the plaintiff's lien. *McAdow v. Sturtevant*, 41 Mo. App. 220.

The trial court did not err in overruling the defendant's demurrer to the evidence.

The judgment must be affirmed. All concur.