ELLIS SHORT, Respondent, v. J. F. STEPHENS et al., Defendant; JAMES K. MOORE, Appellant.

**Kansas City Court of Appeals, February 10, 1902.**

1. **Mechanics' Liens: TITLE.** The statute subjects all the right, title and interest of the proprietor to the lien of the mechanic.

2. **Principal and Agent: AUTHORITY: RATIFICATION.** Though an agent exceed his authority in the making of a contract, yet if the principal executes the contract he thereby ratifies the same.

3. **Mechanics' Liens: ESTATE OF PROPRIETOR: PASSAGE OF TITLE.** S as the agent of W contracted to sell a certain lot to J. J thereupon contracted with M to build a house and convey the same to M. He built the house, procuring the material from plaintiff. W made the deed to J. *Held,* the contract to sell to J vested him with the equitable estate and the subsequent deed made him owner of the fee and plaintiff's lien attached and can be enforced.

Appeal from Jasper Circuit Court.—*Hon. J. D. Perkins,* Judge.

AFFIRMED.

*Thomas Dolan* for appellant.

(1) No lien attached to the lot and the house erected thereon for the reason that the materials were furnished to one who was not the owner, and who had no legal or equitable interest in the lot. R. S. 1899, sec. 4203; Fischer v. Ansyln, 30 Mo. App. 316; Planing Mill Co. v. Christophel, 60 Mo. App. 106; Squires v. Fithian's Adm'r, 27 Mo. 134. (2) There could not, under the circumstances of this case, be a lien, even against the building separate from the realty. Squires v. Fithian's Adm'r, 27 Mo. 134; Planing Mill Co. v. Christophel,

60 Mo. App. 106; State to use v. Hailey, 71 Mo. App. 200. (3) J. F. Stephens had no legal or equitable interest in the lot in question, and his contract for materials for the erection of a house thereon, could not charge said lot with a mechanics' lien. R. S. 1899, sec. 3418; Boiset on Mechanics' Liens, sec. 307; Thomas v. Elleron, 57 Ark. 481; Wilkins v. Lichfield, 69 Iowa 465; Huff v. Jolly, 21 Pac. 646, 41 Kan. 537. The owner contemplated by the statute is the owner at the time of the contract and not when the materials were furnished. McAdow v. Sturtevant, 41 Mo. App. 220. (4) It is upon the theory that the vendee is the owner of the equitable estate, that he can by contract for improvements, charge the lot with a lien. Boisot on Mechanics' Liens, sec. 301. If, however, one who assumes to act as owner has in reality no title to the land, there is of course no lien. State to use v. Hailey, 71 Mo. App. 200; Hause v. Carrol, 37 Mo. 578; Hause v. Thompson, 36 Mo. 450; Powers v. Armstrong, 19 Ga. 427; Smith v. Association, 14 N. W. 221; Wilkins v. Lichfield, 69 Iowa 465; Duross v. Broderick, 78 Mo. App. 260.

*Oliver M. Wilson* for respondent.

(1) "The equitable rule as to acquiescence applies with peculiar force to the case of property which is of a speculative character, or is subject to contingencies, and can only be productive by a large and uncertain outlay." This principle was declared in Seymour v. Osborne, 11 Wall. 516. McLean v. Fleming, 96 U. S. 245; King v. Mabry, 3 Lea 237; Coleman v. Smith, 55 Tex. 254; O'Donell v. Kelsey, 4 Sandf. 202; Brown v. Goddard, 13 R. I. 76; Case v. Trapp, 49 Mich. 49. Or standing by and seeing another making costly improvements. Ross v. Thompson, 78 Ind. 90; Muncey v. Joest, 74 Ind. 409; Masterson v. Railroad, 72 Mo. 342; Sleeper v. Bullen, 6 Kans. 300; Kirk v. Hamilton, 102 U. S. 68; Warder v. Cornell, 105 Ill. 107. Or recognizing a claim, or lien of an-

other is estopped from subsequently disputing its validity. Raley v. Williams, 73 Mo. 310; Wilton v. Hicks, 40 Ohio St. 418, and authorities cited. (2) After the house was built Stephens sold the house and lot to appellant Moore. (3) The right to the property passed to Stephens the moment he made his first payment of $50 on the contract of purchase. Under it Stephens took possession with the knowledge of the vendors. He was then the owner, with a right to convey, and transfer subject to his own obligation under that contract. Even a default of the vendor could not dislodge him, and he also might defend on his contract, but had that title been defective, he could not have resisted the payment of the purchase money on that ground. McIndoe v. Morman, 26 Wis. 588; Foster v. Gressett's Heirs, 29 Ala. 393; Smith v. Stewart, 83 N. C. 406. "The court will allow for beneficial improvements and expenditures." Dart on V. & P., 222; McClure v. Lewis, 72 Mo. 314; see Jackson v. Ludelling, 99 U. S. 513.

SMITH, P. J.—Action to enforce a mechanics' lien. The facts of this case, and about which there is no dispute, are, Williams and Workizer, owning a lot in one of the additions to the city of Joplin which they desired to sell, placed the same in the hands of one Staples, a real estate agent, with instructions to find them a purchaser for said lot willing to pay the price therefor—a specified price. Staples thereupon entered into a written contract with the defendant Stephens whereby, as such agent, he sold the lot to Stephens for the specified price by Williams and Workizer, Stephens paying part of the purchase price a: ⁿ thereby obligating himself to pay the remainder at a later day therein named.

Stephens then entered into a further written contract with defendant Moore by which he agreed to erect a dwelling house on said lot according to certain plans and specifications by a certain date, and to convey the same with said lot to defendant Moore for a certain price. Accordingly Stephens built the

house and subsequently by deed conveyed the lot to Moore as he had agreed to do. As soon as Stephens had made the contract with Moore, he entered into a contract with the plaintiff, a lumber dealer, whereby the latter agreed to and did furnish to the former all the lumber required in the construction of the house. Williams and Workizer, by deed, conveyed the fee in the lot to Stephens in accordance with the contract entered into between Staples and the latter. After the defendant Stephens had neglected to pay plaintiff for the materials so furnished, the latter took steps required by the statute to secure a mechanics' lien on the lot and improvements thereon. Neither the regularity nor the sufficiency of the lien proceedings are questioned in the brief of the defendant and appellant Moore.

The only questioned raised by his appeal is, whether or not the defendant Stephens had any interest in the lot to which the lien of the plaintiff, as a materialman, could attach, or whether or not the title in fee to the lot which passed to him under the deed from Stephens, was subject to a lien in favor of plaintiff for the materials furnished by him to Stephens. The statute in such cases subjects all the right, title and interest of the owner or proprietor to the lien of the mechanic or materialman. R. S., secs. 4203, 4204. Unless Stephens was the owner of some right, title or interest in the lot then the lien did not attach. It must be conceded that Staples, as the agent of Williams and Workizer, had no authority to enter into the written contract with Stephens for the sale of the lot, or to receive part of the purchase price, but it appears, notwithstanding this, that when the former had received the entire amount of the purchase price, he took the same to his principals who received it and made the deed to the lot in accordance with the contract between such former and Stephens. This amounted to a ratification by Williams and Workizer of the unauthorized action of Staples in making the contract with Stephens for the sale of the lot. A subsequent ratification is equal to a pre-

vious authority.   The legal effect of this was exactly the same as if Staples had been duly authorized in writing by Williams and Workizer to sell the lot to Stephens for the price he received.

The question here is, whether or not the vendee, Stephens, who, in pursuance of the contract with the vendors, Williams and Workizer, took possession of the property and paid part of the purchase price, had, as owner, between that time and that of the delivery of the deed to him, any right, title or interest in the property to which a lien in favor of plaintiff, who furnished him the materials which were used in the construction of the house erected thereon by him, could attach. It has been held that the owner of an equitable estate has power to make contracts under which mechanic's liens may attach, at least to the extent of his interest.   And when a contract is fulfilled, as here, by the delivery of the deed to the builder before the lien is foreclosed, the lien extends to the fee, since the vendor's equitable estate is merged therein on the acquisition of a complete title.   Carpenter v. Leonard, 5 Minn. 159; Brown v. Jones, 52 Minn. 484; Pike v. Scott, 60 N. H. 469; Rollin v. Cross, 45 N. Y. 766; 2 Tex. (Cir. App.) 236.

It results from this that the defendant Stephens had power to make said contract with plaintiff for materials under which the lien attached, extending to the fee.   This was in effect the view of the case taken by the trial court which, we think, should be upheld.

The judgment will accordingly be affirmed.   All concur.