WESTPORT LUMBER COMPANY, Respondent, v. C. A. HARRIS, Defendant; EMMA PORTER HALL et al., Appellants.

Kansas City Court of Appeals, May 4, 1908.

1. **MECHANICS' LIENS: Lessor: Vendor: Contract: Title.** Where a vendee or lessee is required to make certain improvements their agreement with the contractor will subject the owner's title to a mechanic's lien; but where the party making the agreement is neither lessee nor vendee and has a mere option to make an improvement, his contract will not constitute a basis for a mechanic's lien on the owner's title.

Lumber Co. v. Harris.

2. ———: **Option to Build: Interest in Land: Frauds and Perjuries: Trustee.** A landowner agreed that her son and daughter might build on her lot, if on selling the same, she should have the value of the lot out of the first purchase money. The son went on and contracted for the building and had it built, the daughter assenting thereto. *Held,* (1) The son became the trustee of the daughter. (2) The agreement being performed was not within the Statute of Frauds. (3) That the son had such equitable interest in the lot as was subject to mechanics' lien for labor and material put into the building.

3. ———: ———: ———: ———: ———: **Parties.** *Held,* that the vendee of the mother is a proper party.

Appeal from Jackson Circuit Court.—*Hon. Thos. H. Reynolds,* Special Judge.

REVERSED AND REMANDED.

*Bowersock & Hall* for appellants.

(1) The foundation of the right to a mechanic's lien is the existence of a contract for work and materials with the owner or proprietor of the property to be charged, or with his agent, trustee, contractor, or subcontractor. R. S. 1899; sec. 4203; Hause v. Thompson, 36 Mo. 450; Hause v. Carroll, 37 Mo. 578; Lumber Co. v. Stepp, 157 Mo. 366; Wilson v. Lubke, 176 Mo. 210; Garrett v. Berry, 3 Mo. App. 197; Barker v. Berry, 8 Mo. App. 446; Planing Mill v. Brundage, 25 Mo. App. 286; Duross v. Broderick, 78 Mo. App. 260; Steel Range Co. v. Jeffers, 79 Mo. App. 174; Jose v. Hoit, 106 Mo. App. 594; Hengstenberg v. Hoyt, 109 Mo. App. 623. (2) When it is claimed that the contract is made with the agent of the owner or proprietor, the evidence of the agency must be so clear as to leave no reasonable doubt in the mind of the triers of the facts. Duross v. Broderick, 78 Mo. App. 260; Curtin-Clark Hdw. Co. v. Churchill, — Mo. —, 107 S. W. 476; Kuenzel v. Stevens, 155 Mo. 280. (3) The burden is on the plaintiff to show agency. Winslow Brothers v. McCully Stone Mason Co., 169 Mo. 236;

Norton v. Clark, 85 Maine 357.   (4) The materials must be furnished in reliance upon the right to a mechanic's lien and plaintiff must prove this fact to establish his lien.      Rand v. Grubb, 26 Mo. App. 591; Crane v. Neel, 104 Mo. App. 177.   (5) There can be no lien on building apart from the lot under the facts in this case.     R. S. 1899, secs. 4205, 4206; Wright v. Beardsley, 69 Mo. 548; Williams v. Porter, 51 Mo. 441; Ranson v. Sheehan, 78 Mo. 668; Planing Mill Co. v. Christophel, 60 Mo. App. 106; State v. Hailey, 71 Mo. App. 200; Mayes v. Murphy, 93 Mo. App. 37.   (6) Porter T. Hall had no interest in lot 12, block 6, Hill Crest, to which a mechanic's lien could attach.     R. S. 1899, sec. 4203; Sibley v. Casey, 6 Mo. 154; Squires v. Fithian, 27 Mo. 134; Burke v. Seeley, 46 Mo. 334; Wilkins v. Litchfield, 69 Ia. 465, 29 N. W. 447; Thomas v. Ellison, 57 Ark. 481, 22 S. W. 95; Hardware Co. v. Wilson, 56 Ark. 380, 19 S. W. 974; Gray v. Walker, 16 S. C. 143; Sheer v. Cummings, 80 Tex. 294, 16 S. W. 37; Hubbs v. Jolly, 41 Kan. 537.   (7) Under the general denial the Statute of Frauds may be raised by objection to the evidence or by motion to strike out. Springer v. Kleinsorge, 83 Mo. 152; Hackett v. Watts, 138 Mo. 502; Hurt v. Ford, 142 Mo. 283; Phillips v. Hardenburg, 181 Mo. 473; Thomas v. Ramsey, 47 Mo. App. 84; Van Idour & Co. v. Nelson, 60 Mo. App. 523; Young & Branson v. Ledford, 99 Mo. App. 565.   (8) There was no such performance as would do away with the question of the Statute of Frauds.   The contract must be made with the person who is the owner at the date of the contract.   McAdow v. Sturtevant, 41 Mo. App. 220; Bruce v. Hoos, 48 Mo. App. 161.   (9) It is too late to raise the question of charging Porter T. Hall's interest, if any, in lot 12, block 6, Hill Crest, an addition to Kansas City, Mo.   Barker v. Berry, 8 Mo. App. 446. (10) John A. McMaster's interest in lot 12, block 6, Hill Crest is not subject to mechanic's lien.

*Botsford, Deatherage & Young* for respondent.

(1)    The first point made by appellants, that Porter T. Hall was not the agent of his mother so as to bind her interest in the property in question with the lien for the materials furnished by plaintiff, is not well taken.    O'Leary v. Roe, 45 Mo. App. 567; Lumber Co. v. Nelson, 71 Mo. App. 119; Price v. Merritt, 55 Mo. App. 640; Kuenzel v. Stevens, 155 Mo. 280; Burgwald v. Weippert, 49 Mo. 60; Winslow Bros. Co. v. Stone Mason Co., 169 Mo. 236; K. C. H. P. B. Co. v. Pratt, 114 Mo. App. 643; Curtin-Clark Co. v. Churchill, 104 S. W. 476.    (2)    In line with the above decisions, the following decisions from other States are also directly in point:    Moore v. Jackson, 49 Cal. 109; Henderson v. Connelly, 123 Ill. 98, 14 N. E. 1; Paulson v. Manske, 126 Ill. 72, 18 N. E. 275; Lumber Co. v. Jones, 187 Ill. 203, 58 N. E. 347; Crandall v. Sorg, 198 Ill. 62, 64 N. E. 769; Shapleigh v. Hill, 21 Colo. 419, 41 Pac. 1108; Jameson v. Gille, 98 Ia. 490, 67 N. W. 396; Sherrer v. Williams, 56 Kas. 252; Hilton v. Merrill, 106 Mass. 528; Davis v. Humphrey, 112 Mass. 309; Carew v. Stubbs, 155 Mass. 549, 30 N. E. 219; Cue v. Whitehall, 156 Mass. 205; Borden v. Mercer, 163 Mass. 7, 39 N. E. 413; Hill v. Gille, 43 Minn. 441, 42 N. W. 294; Sheehy v. Fulton, 38 Neb. 699, 57 N. W. 395; Lumber Co. v. Mosher, 88 Wis. 672, 60 N. W. 264; 20 Am. & Eng. Enc., 303, 312, 314, 315, 322, 328, 331; Jonte v. Gille (Tenn.), 39 S. W. 750; Ragan v. Howard, 97 Tenn. 334, 37 S. W. 136. (3)    The second point made by appellants in their brief, that these materials were not furnished by respondent in reliance upon the mechanic's lien, is not well taken. (4)    There is no point about the Statute of Frauds in this case.    It was competent for Mrs. Porter to make her son her agent to put up this building and to bind the title to the building and lot, without having the agency manifested by writing.    (5)    It was not nec-

essary to make Mrs. McMaster a party to this suit. She acquired her title in August, 1906, which was the next month following the bringing of this suit on July 19, 1906. And a judgment in this case will carry any title acquired by the purchase of Mrs. McMasters from Mrs. Hall after the bringing of this suit.

JOHNSON, J.—Action to enforce a mechanic's lien. Material facts disclosed by the evidence are as follows: Emma Porter Hall owned lot 12 in block 6 of Hill Crest, an addition to Kansas City, and orally agreed with her son, Porter T. Hall, and her daughter, Mrs. Allen Logan, that they might build a dwelling house on the lot at their own cost, sell the property after the completion of the house, and pay her seventeen hundred and fifty dollars (the agreed value of the lot) out of the proceeds of the sale, retaining for themselves the remainder of the proceeds. Porter T. Hall testified:

"Q. You took possession of that lot described in that contract and proceeded to have that house erected, did you? A. Why, I erected the house on it, yes, sir. Q. Now, what agreement, if any, did you have with your mother pertaining to the erection of that house? A. Well, my sister and I were to provide the money and erect the house and when the house was sold, my mother was to receive $1,750.00 out of the proceeds of sale to pay for her fifty feet. . . . Q. Now, you say the agreement with your mother was that you and Mrs. Logan would have the house constructed and then the house would be sold and your mother was to be paid the $1,750? A. Why, she was to receive the first $1,750 paid in, in payment for her lot and we were to get the balance. Q. In the meantime, the title was to remain in her? A. The title was to remain in her, yes, sir. Q. Until the house was sold? A. Yes, sir. . . . . Q Well, now, you did not have any contract

with your mother binding you to build any house, did you? A. Well, no, sir. She gave me permission to build on there."

Pursuant to this agreement, Porter T. Hall and his sister decided on the character and cost of the dwelling they wished to build and Porter entered into a contract with defendant Harris by which Harris undertook to build a house at a cost of $5,072. Harris bought of plaintiff lumber and other materials of the value of $862.29, to be used in the construction of the building and which were so used and for which he failed to pay. The manager of plaintiff testified:

"Q. Upon what did you rely when you furnished those materials—upon what credit? A. Well, it is customary with the dealers in the city to rely upon the property that the material goes into. Q. On a right to a mechanic's lien? A. On a right to a mechanic's lien, yes, sir. Q. Do you know who was the owner of the property? A. Mr. Porter T. Hall was given to me at the time as the owner of the property. Q. Did you see the contract that Mr. Harris had? A. Yes, sir. Q. A written contract? A. It was on a printed form, filled out."

This suit was brought July 19, 1906. At that time the record title to the lot still stood in the name of Mrs. Hall. On information that John A. McMaster had bought the property, plaintiff made him a party defendant, but it turned out that the sale had been made to Elizabeth D. McMaster, wife of John A. McMaster, but on account of her illness which prevented the execution of certain instruments relating to the transaction, the deed from Mrs. Hall to Mrs. McMaster was not delivered and recorded until after the commencement of this suit. Out of the proceeds of this sale, Mrs. Hall received the sum of $1,750. Mrs. McMaster was not made a party defendant. By consent of parties, a jury was waived and the cause was submitted to

the court who gave personal judgment against Harris for the full amount of the judgment and decreed "that this judgment be and it is a special mechanic's lien against the property described in the petition, to-wit, lot 12 in block 6 of Hill Crest, an addition to Kansas City in Jackson County, Missouri, and the two-story shingle and frame residence building numbered 2812 Harrison street situated upon the above described lot, and if no sufficient property of the defendant, Harris, be found to satisfy said judgment and costs, that the same or the residue thereof be levied on the property above described, and that special execution issue in accordance herewith." From this judgment all of the defendants except Harris appealed.

The principal question to engage our attention is whether plaintiff furnished the materials for the building under or by virtue of any contract with the owner or proprietor "of the land on which it was erected." It is contended by plaintiff that Mrs. Hall, the owner of the land, made her son Porter her agent to subject her title to mechanics' liens for labor and materials to be employed in the contemplated improvement and that for such purpose, his contract with Harris, the contractor, was her contract; while defendants argue, first, that Porter T. Hall, being neither vendee nor lessee of the land, but a stranger to the title, had no estate therein which would constitute him an owner within the meaning of the statute (section 4203, Revised Statutes 1899), and that the mere permission of the owner under which he and his sister made the improvement at their own cost, did not confer on him any authority to bind the owner's title.

The situation before us is unique and, so far as we have been able to discover, is without likeness in the adjudicated cases. Instances are plentiful where the vendor has stipulated with his vendee for the improvement of the land at the cost of the latter. In such

cases, the rule is quite general that where the contract leaves it to the vendee to improve or not as he may elect, the title of the vendor will not be bound by his contracts for the improvement; but where the contract between the vendor and vendee requires the latter to build, it constitutes him the agent of the vendor for the purpose of subjecting the whole title to the liens of mechanics and material men. [O'Leary v. Roe, 45 Mo. App. 567.] And in cases of leasehold, we recently held in Hardware Co. v. Churchill, 126 Mo. App. 462, that "where the lessor, either in the lease or otherwise, does nothing more than consent that the lessee at the latter's option, may make alterations or improvements in the premises for his own benefit and at his own cost, such consent imposes no obligation on the lessee to make the improvements and in the absence of such obligation, the lessor cannot be said to have contracted for them and his reversionary estate will not be held subject to liens for the material and labor which enter into the improvements. But where . . . no option is given the lessee, but he is compelled by his contract with the lessor to make certain alterations or forfeit his leasehold, the work should be regarded as being done under the contract with the lessor "

In the present case, Porter Hall and his sister were not vendees, since it was not agreed or contemplated that their mother's title should vest in them in any contingency. Nor were they lessees. They merely were given the right, if they chose to use it, to take possession of the land for the purpose of building on it at their own expense, but were under no obligation to exercise that right. Had they selected to abandon the project, their mother would have had no recourse against them either in law or in equity. In the cases of which O'Leary v. Roe and Hardware Co. v. Churchill are typical, the liability of the title of the owner to respond to liens based on the contracts of his vendee, or

lessee was made to rest squarely on the fact that the owner, by the terms of his contract with his vendee or lessee had compelled the latter to make the improvement, or else subject himself to personal liability in damages or to the forfeiture of vested rights.    In such situation, the conclusion that the owner contracted for the making of the improvement could not well be controverted, but where, as in the present case, the owner does nothing more than consent to the improvement, we know of no rule of law or principle of justice that will extend such permission into a delegation of authority to bind his estate to answer to mechanics' liens created by the contracts of his licensee.   Nor can it make any difference that Mrs. Hall agreed that her children should be reimbursed and rewarded out of the proceeds of the sale of the property to be made after the completion of the improvement.    The most that may be said of that feature of the agreement which would be of benefit to a lien claimant is that it bestowed on the children the right to acquire an equitable interest in the property which would ripen into a vested interest on completion of the building.    The right to have the property sold and the proceeds applied in accordance with the terms of the agreement, if denied by the mother, could have been enforced against her in an equitable action prosecuted by the children.    But in the absence of a stipulation requiring the children to build, the provision by which, at their option, they might acquire an equitable interest in the property, could not serve to bind their mother's title to respond to liens created by their contracts with mechanics and materialmen.    It must be borne in mind that Mrs. Hall was not a party to those contracts, nor did she give her son any authority to employ her credit.    Authority to bind her title to the land could be implied only from a contractual stipulation making it obligatory on the children to   build. Without such stipulation, on what principle may it be

said that she contracted for the improvement? Clearly, her title was not subject to the lien of plaintiff and the learned trial judge erred in holding to the contrary.

But it does not follow that plaintiff's right to a lien must be denied on the ground that it did not furnish the materials under or by virtue of a contract with the owner or proprietor of the land. We think that Porter T. Hall was the owner of the equitable title. It appears that his sister, through some arrangement between them, permitted him to act for her in the entire transaction. With her consent, he alone entered into the contract with Harris, looked after the building, and was to attend to the sale of the property. She was not known as a party to the enterprise and gave to her brother full charge and control of her interest. These facts present him as the owner of their joint equitable interest. As to her share, he is to be regarded as the trustee of an express trust with the sole equitable title to the property vested in him. It has been suggested by counsel for defendants that he acquired no equitable interest in the property for the reason that the oral contract between him and his mother is void under the Statute of Frauds, but this position is untenable. The contract was fully executed by him and such performance took it out of the operation of the statute. [Maupin v. Railway, 171 Mo. 187; Donovan v. Brewing Co., 102 Mo. App. 427; See v. Mallonee, 107 Mo. App. 721.]

While it is true that a mechanic's lien must have for its foundation a contract made by the owner of the land, this does not mean necessarily, that the contract must be made by the owner of the fee simple title. It was the design of the statute to recognize as owner one who owns either the legal or equitable estate. Either interest will afford a sufficient foundation for a mechanic's lien against the building and the interest in the land held by the owner under whose contract the

material was furnished.    This rule has been applied frequently in cases where the lien was founded on the contract of the equitable vendee of the land.  [O'Leary v. Roe, 45 Mo. App. 567; Jodd v. Duncan, 9 Mo. App. 417; Short v. Stevens, 92 Mo. App. 151; Sawyer v. Clark, 82 Mo. App. 225; 172 Mo 588; Wilson v. Lubke, 176 Mo. 210.]

Though, strictly speaking, Porter Hall was not an equitable vendee, the right he acquired under the contract with his mother embodied all of the essential elements belonging to that of such vendee.    He was given full possession of the land and, on the completion of the building, had full power to sell the property, with the obligation resting on his mother to execute and deliver to his vendee a proper deed conveying a fee simple title.    Possessed of these attributes of ownership, he should be treated, for present purposes, as the owner of an equitable estate and a demand for materials furnished for the structure, pursuant to his contract, should be accorded the security of a mechanic's lien against the building and his interest in the land.

As the cause must be remanded, we suggest to counsel for plaintiff that they would do well to have Mrs. Mc-Master made a party defendant.

The judgment is reversed and the cause remanded. All concur.