MARTIN H. LYVERS AND LELAND ROSS, CO-PARTNERS, DOING BUSINESS AS ROSS-LYVERS COMPANY (PLAINTIFFS), RESPONDENTS, v. STERLING F. RUTHERFORD, RAYMOND M. HENLEY, ROBERT LUNGSTRAS, LAWRENCE BAYGENTS, ET AL. (DEFENDANTS), ROBERT LUNGSTRAS, APPELLANT.—80 S. W. (2d) 729.

St. Louis Court of Appeals. Opinion filed March 22, 1935.

*Curlee & Teasdale* and *George M. Hagee* for appellant Robert Lungstras.

*Otto O. Fickeissen* and *Frank H. Fisse* for respondents.

HOSTETTER, P. J.—This is a mechanics" lien suit instituted·in the circuit court of St. Louis county on October 12, 1929. The plaintiffs are Martin H'. Lyvers and Leland Ross, co-partners doing business as Ross-Lyvers Company. Defendants are Sterling F. Rutherford, Raymond M. Henley, Robert Lungstras, and Lawrence Baygents. A number of unknown owners and holders of notes secured by deeds of trust were originally made defendants, but later they were dismissed as defendants.

The following were the pertinent allegations of the petition: That Sterling F. Rutherford was the owner of a certain tract of land, therein described, situated at Lockwood Avenue and Sappington

Road in St. Louis County, and that plaintiffs, at his request, furnished certain materials and performed labor described in the petition, all of the reasonable value of $1141.58; that such materials and labor entered into the construction of a heating plant in the frame residence located on said real estate; that the first item of material and labor in the account was furnished on the 11th day of September, 1928, and the last item was furnished on the 15th day of January, 1929, on which last named date the account accrued and became due and payable; that on the 15th day of July, 1929, within six months after the account accrued, plaintiffs filed their lien in the office of the Clerk of the Circuit Court of St. Louis County, intending it to be a mechanics' lien against the building and improvements and the land so owned by Sterling F. Rutherford and that the same be accorded priority over two deeds of trust, viz.: a first deed of trust, dated September 10, 1928, executed by Sterling F. Rutherford to defendant Raymond M. Henley, as trustee, and Robert Lungstras, as beneficiary, to secure eight promissory notes aggregating $9500, and a second deed of trust made by the same grantor to the said Henley as trustee for Lawrence Baygents, as beneficiary, dated October 1, 1928, and recorded October 19, 1928, to secure the payment of $3000, represented by twelve promissory notes.

The petition closed with a prayer for judgment against Sterling F. Rutherford for the amount of the account, to-wit: $1141.58, and that the same be adjudged a mechanics' lien against the property and a prior and superior lien to said deeds of trust.

Defendant Sterling F. Rutherford filed an answer, which was a general denial. Robert Lungstras filed an answer admitting that he was the owner of the notes described in the first deed of trust and further setting up that Sterling F. Rutherford acquired his interest in the real estate by general warranty deed dated and acknowledged on September 10, 1928, and recorded on October 19, 1928, wherein he, Paul Lungstras, and Elsa Lungstras Meyer were grantors and alleged that the $9500 represented part purchase money and averred that the deed of trust was a prior lien to the plaintiffs' mechanics' lien claim. Raymond M. Henley also filed an answer, substantially the same as Robert Lungstras. Lawrence Baygents, beneficiary in the second deed of trust, filed no answer and the answers of Robert Lungstras and Raymond M. Henley, trustee in the second deed of trust, related solely to the first deed of trust.

Plaintiffs filed a reply to the separate answers of both Robert Lungstras and Raymond M. Henley, which was substantially as follows: first, a general denial of all allegations, and, that the work performed and labor furnished between the 11th day of September, 1928, and the 15th day of January, 1929, was commenced long before the recording of the first deed of trust and that said trustee and

beneficiary in said deed of trust had been guilty of laches and that the plaintiffs' mechanics' lien claim attached against said property long prior to the date of the recording of said deed of trust.

The case was heard before the court without the intervention of a jury and no instructions were asked by any of the parties and none given by the court. The court found in favor of the plaintiffs in the sum of $1141.58, together with accrued interest thereon of $259.97, aggregating $1401.55 indebtedness, and rendered judgment against Sterling F. Rutherford for said amount, and held same, with costs, to be a lien against the building and real esate described, and adjudged that plaintiffs' said lien be, and the same was, held to be prior and superior to the liens of the deeds of trust.

After an ineffective motion for a new trial, the defendant, Robert Lugstras, the sole appellant, brings the cause to this court for review.

The respondents complain of the insufficiency of the abstract of the record as prepared by appellant, and filed their motion to dismiss the appeal on the following grounds:

"I. That the abstract of record by appellant Robert Lungstras served upon these respondents and filed herein does not comply with Rules 14 and 15 of this Court in the following particulars:

"a. That said abstract of record fails to contain all of the evidence adduced at the trial of said cause;

"b. That said abstract of record fails to include Exhibits C, D, E, F, G, H and I, offered at the trial of said cause by plaintiffs (respondents here), nor does it contain or set out the substance thereof; . . .

"II. That the *onus* of preparing a printed abstract of the entire record of the cause is cast upon the appellant by the law of this State, and the abstract served and filed by appellant upon its face shows that it omits the exhibits of plaintiffs (respondents) above set out which were offered and admitted in evidence by the trial court, which exhibits constitute the account sued on and the documents from which said account was prepared and also include the mechanics' lien sued on in this suit;

"III. That in the assignment of errors of appellant it is urged that that lien claim of respondents was filed out of time, but the abstract of appellants fails to embody the original mechanics' lien statement filed and offered as Exhibit "E", so this Court would be unable to determine the question presented thereby.

"IV. That without the exhibits above set out before this Court, especially the exhibits of account and the mechanics' lien statement, this Court cannot pass upon the questions involved in this case.

"V. That because of the matters above alleged appellant has failed

to serve and file an abstract herein as provided by law and the rules of this Court."

The appellant filed an answer to respondents' motion to dismiss his appeal, which contained, first, a denial of "generally each and every allegation in said motion contained," and, further, set up that his abstract had been served on the respondents on the 19th of August, 1933, and that respondents' motion to dismiss appeal was not filed until September 7, 1933, and that respondents have therefore failed to comply with Rule No. 33 of this court in that they did not file their motion within ten days after the service of the abstract on them, as required by said Rule.

The respondents filed a reply to appellant's answer, averring that, when the abstract of record was served on them by appellant, the court was in vacation and remained in vacation until the 8th of September, 1933, and further claimed that Rule No. 33 of this court is not mandatory.

We find, from an examination of appellant's abstract, that none of plaintiffs' exhibits from C to I, inclusive, is set out, either by a copy thereof or in substance, but after each was offered in evidence by plaintiffs' counsel there appears the usual parenthetical statement: "(Clerk here insert)."

We gather that the unabstracted exhibits include the original mechanics" lien, the tabulation sheet, the original record made on the job taking off the material, the time record on job, and plaintiffs' bill of January 2nd. We are unable to determine from the abstract what exhibits H and I are, nor are we able to determine what oral testimony, if any, was omitted.

It is the duty of an appellant, not the respondent, to prepare a printed abstract of the entire record and serve it on the respondent, and file it in the appellate court in such time as the statute and rules prescribe. [Section 1028, Revised Statutes of Missouri, 1929, 2 Mo. Stat. Ann., p. 1310.] True, the respondent may, if he is not satisfied with the abstract made by the appellant, make an additional abstract, serve it, and file it in the appellate court, and thus complete the record and cure the deficiencies in appellant's abstract. But that is an unjust burden to impose on the respondent, and, his statutory right to file such additional abstract does not relieve the appellant from his primary duty to furnish such record as will supply the appellate court with the information necessary to a proper determination of the appeal. [Brand v. Cannon, 118 Mo. 595, l. c. 598, 24 S. W. 434.]

It is the rule in equity cases that all the evidence must be abstracted and brought up before the reviewing court. [Huggins v. Hill (Mo.), 236 S. W. 1051, l. c. 1052, and cases there cited.]

Section 3180, Revised Statutes of Missouri, 1929 (7 Mo. Stat. Ann., 5008), provides in substance that all controversies between mechanics'

lien claimants and rights of priorities between all claimants of liens and interests may be determined in one suit by an equitable action.

Section 3182, Revised Statutes of Missouri, 1929 (7 Mo. Stat. Ann., p. 5012), deals with cases where only one mechanic's lien is involved, as in the instant case, and is as follows:

*"Equitable action not to apply, when.* This equitable action shall not apply to instances in which there is only one mechanic's lien claimed against the property and any of it, but in any suit thereon the court shall determine the respective priorities as between such mechanic's lien and any other lien or encumbrance and enforce the same accordingly."

Notwithstanding the provisions of said section 3182, the courts hold that where the determination of the question of priority between a lone mechanic's lien claimant and any other lien claimant arises to that extent the case becomes one in equity. [Coerver v. Crescent Lead & Zinc Corporation, 315 Mo. 276, l. c. 285, 286 S. W. 3; Huggins v. Hill (Mo. Sup.), 236 S. W. 1051, l. c. 1053.]

In the Huggins case, supra, the court, *sua sponte,* affirmed the judgment of the trial court because all the evidence was not brought up by appellant, although the respondent made no complaint as to the insufficiency of the appellant's abstract.

However, inasmuch as respondents did not comply with Rule No. 33 of this court by filing their motion to dismiss the appeal within ten days after service of appellant's abstract, coupled with our desire that all cases should be heard and determined on their merits when possible, we overrule the motion to dismiss the appeal.

We are of the opinion that a sufficient record has not been brought before us to enable us to pass on any of the assignments of error in respect to the establishment of the lien or its sufficiency, or, whether filed in time, or, whether it is a just and true account, but in these respects will abide by the rulings of the trial court which heard all the evidence.

Treating this as a law case only, and it appearing that the trial court sitting as a jury heard the evidence and no instructions or declarations of law were asked or given, we would, even if a full record were before us, be obliged to affirm the judgment rendered by the trial court if it could be sustained on any theory if supported by substantial evidence. [Niedt v. American Ry. Exp. Co. (Mo. App.), 6 S. W. (2d) 973, and cases there cited.] We, however, feel that there is enough of the record before us to enable us to determine the question of priority between the mechanics' lien and the deed of trust, which, after all, is the principal issue in the case and is determinable on equitable principles.

The facts, as we glean them from the record, bearing on the question of priority as between the mechanics' lien and the first deed of

trust (the second one being out of the case) are substantially as follows.

The property in controversy was owned by appellant, Robert Lungstras, his brother, Paul Lungstras, and his sister, Ella Lungstras Meyer, a widow, and those three, with the respective wives of the brothers joining, conveyed the same by a general warranty deed dated September 10, 1928, and recorded October 19, 1928, to Sterling F. Rutherford, for a recited consideration of $100.

Sterling F. Rutherford, the grantee, was a son of J. F. Rutherford, who was the real owner of the property, but for purposes of convenience had the title conveyed to his son. J. F. Rutherford carried on all the negotiations for the purchase with Raymond M. Henley, a real estate man who had the property for sale and was agent for the owners throughout the negotiations which culminated in the passing of the title and became the trustee in both deeds of trust. J. F. Rutherford was called as a witness by plaintiffs, and, response to a question as to his conversations with Mr. Henley, said:

"A. Well, we agreed upon the price of option on this property first, originally, and I put up the earnest money, and he told me it was accepted then, and they wanted to sell me the balance of the property and we negotiated and finally agreed upon the price and the earnest money and I received a receipt for the earnest money, including the whole parcel of property, and Mr. Henley told me— gave me and told me everything that it was accepted and I told him I wanted to go ahead and complete the home, it was in a dilapidated condition, before the cold weather set in, before it was winter, and he said, 'that is perfectly alright, go ahead and get in and go to work,' which I did."

In response to a question as to his conversation with Mr. Henley in respect to his making repairs, improvements or alterations in the building, he stated that he did have such conversation and continued as follows:

"A. I believe Mr. Henley thought there had been some—well, better than thirty days since I put up the earnest money, and he had told me that it was accepted and I had not the deed and I wanted to go and move, I had to move, I had sold the other property and I had to move, and therefore, it was necessary to get in and to get this building completed, and there was considerable work before the winter came and I insisted that the matter be pushed and that I receive my deed so that I could go ahead, and he said, 'it is alright, go ahead and start your work and everything is just a matter of a little delay getting your deed."

He further testified that he started the carpenter's work immediately on moving in, which was sometime around the 15th of August, and contracted with plaintiffs to install a complete new heating plant

as well as new plumbing work, in the one and a half story dwelling, and that they did the work, the plumbing work first and then installed the heating plant. He owned the property for about two years.

He further testified that it was contemplated in his conversations and negotiations with Mr. Henley that he was to pay part cash and give a purchase money mortgage for the remainder.

Plaintiffs' testimony supported their claim that they installed the plumbing work and the heating plant and that their bill was reasonable and just and there was no testimony to the contrary.

The contention of appellant is that a purchase money mortgage takes priority over a mechanic's lien. It is conceded that such is the general rule, and so held by decisions of this State. However, we believe that the peculiar facts and circumstances of the instant case distinguish it from those cases governed by the general rule. The holding is usually put on the ground that a prospective purchaser contracting for work to be done on the premises he has in mind to purchase, having no title at the time, cannot affect a title by his contract in respect to liens in advance of his acquisition of title. However, in the instant case, J. F. Rutherford had agreed on the price and terms with the owners, had paid part of the purchase money, and had taken a receipt therefor, and, with the owners' knowledge and consent and by their direction through their agent, had gone into possession of the premises in order to make the improvements. There was a delay on the part of the owners getting their deed ready for delivery. This situation placed Rutherford in the position of an equitable owner of the premises, to the extent of his purchase money paid, and, in possession, so that a mechanic's lien could be created by his contract with a party furnishing material and performing labor on the premises. [Sawyer & Austin Lumber Co. v. Clark, 82 Mo. App. 225, upheld in 172 Mo. 588, 73 S. W. 137.]

In Wilson v. Lubke, 176 Mo. 210, l. c. 211, 75 S. W. 602, while the court reiterated the doctrine that until one becomes the owner of the land he can make no contract that will impose a burden on it, but before the prospective purchaser acquired his title he began improvements and, in that case the court held that the purchase money lien which he gave to the vendor had priority over the land but that the mechanic's lien on the improvements had priority over the purchase money lien. [See also Steininger v. Raeman, 28 Mo. App. 594, l. c. 607; McCray Lumber Co. v. Standard Const. Co. (Mo. App.), 285 S. W. 104; Short v. Stephens, 92 Mo. App. 151; O'Leary v. Roe, 45 Mo. App. 567; Jodd v. Duncan, 9 Mo. App. 417; and Westport Lumber Co. v. Harris, 131 Mo. App. 94, 110 S. W. 609.]

40 Corpus Juris, sec. 114, p. 114, in discussing liens for improvements erected by the vendee, uses this language: "under some stat-

utes the lien will attach to the improvement itself, such as a building, and as regards such building, it will have precedence over any claim of the vendor.'' A number of cases from different states are cited in the notes in support of this proposition, among them Jodd v. Duncan, 9 Mo. App. 417.

In Riverside Lumber Co. v. Schafer, 251 Mo. 539, l. c. 548, 158 S. W. 340, it is held that a mechanic's lien dates from the time the work begun on the building or from the date of the furnishing of the materials therefor, and will take precedence over a mortgage subsequently recorded.

In Smith v. Phelps, 63 Mo. 585, l. c. 588, our Supreme Court, speaking through Judge NAPTON, says: ''In the mechanic's lien law it seems to have been the intent of our Legislature to protect the title of the mechanic to a reimbursement for his expenditures in money or labor on the home he builds by giving him a right to the house, if all other means of remedy fail.''

The evidence shows that the dwelling in its prior dilapidated condition was not habitable, particularly in the winter time. It had evidently been unoccupied for a long time, as, according to the testimony, the flue wouldn't draw because it had been ''standing there for years'' and had become damp, and, being porous, it would get air above the new heating plant which plaintiffs had installed, and, therefore interfered with its proper functioning, and, as a result of this condition, Mr. Rutherford was obliged to employ a mason to replaster and reline the flue.

It appears from the record that the work done, and materials furnished for the plumbing, which was prior to the installing of the heating plant, had been paid for by Mr. Rutherford as it was being carried on. The amount of such payments is not shown by the record, but from the length of time covered by such plumbing work it must have aggregated a substantial sum. The amount involved in this suit represents only plaintiffs' charges in respect to the installation of the heating plant. It follows that the work performed and materials furnished by plaintiffs materially added to the value of the property.

In addition thereto, the amount of the purchase money paid by Rutherford, which included the amount paid prior to the passing of the deeds and presumptively the $3000 covered by the second deed of trust, left the appellant, Robert Lungstras, in a much better situation in respect to the property even at the end of two years retention of possession by Rutherford. A non-habitable and a non-revenue producing property had been converted into a habitable revenue producing property without any expense to appellant.

The equities are very strongly in favor of the proposition that the mechanics' lien of plaintiffs should be accorded priority over the liens of the deeds of trust.

Appellant, Robert Lungstras, testified that Henley, who had authorized and directed Rutherford to go into possession, prior to the making of the deed, and make the improvements and repairs contemplated, was agent for him and his co-owners only for the purpose of selling the property. We, however, find from the testimony that he was an agent who could, and did, authorize and direct Rutherford to go into possession and to make the improvements and repairs on account of the delay in getting the deed ready. Had he not done this, the sale might have fallen through and it was within the scope of his conceded agency to consummate the sale and that carried with it the necessary power and authority to bring about such a result. Besides, the fact that Henley was the trustee in both deeds of trust and the significant clauses contained in the first deed of trust, in which Robert Lungstras was the beneficiary, support the finding that his agency was broader than the mere finding of a purchaser for the property.

Following is an excerpt from said deed of trust:

"And the said party of the first part hereby guarantee . . . to the said party of the third part, that the said property herein described is free and clear of mechanics' liens; and said party of the first part further agrees that, in case any liens should hereafter be filed against said property, after the execution of this trust, then, and in that case, said liens so filed shall have the same force and effect as if any one of said notes hereinbefore described shall have become due and payable, and all the covenants and agreements herein provided shall be in full force and effect, and carried out as if said notes be actually due and payable.

"It shall be the privilege of said party of the third part and assigns, in case of default on the part of the said party of the first part or legal representatives or assigns to promptly pay all taxes, effect insurance and remove mechanics' liens, as above herein provided, to pay such taxes, insurance and mechanics' liens, and in the event of the said party of the third part, assigns or legal representatives, or the party of the second part, or his successors in trust, shall expend any money to protect the title or possession of said premises, or for such taxes or insurance, or satisfaction of mechanics' liens as aforesaid then all such money so expended as well as a fee not exceeding $40.00 for record examinations necessary to ascertain such default, shall be a new and additional principal sum of money secured by this instrument, and shall be payable on demand, and may be collected with interest thereon at the rate of eight per centum per annum from the time of so expending the same."

It will thus be seen that both Henley (trustee) and Robert Lungstras (beneficiary) were contemplating and had in mind the making of these very repairs and improvements which Henley had previously

given authority to be made, and they also had in mind that Rutherford might not pay for all of such repairs and improvements and they were providing for such contingency; Henley was clothed with power to expend money to protect the title by paying off mechanics' liens, etc.

It is well settled that an agent, though unable to bind the owner to a personal obligation to pay for improvements and repairs, may give authority to one not then the owner to contract for repairs and improvements which may become a mechanics' lien against the property. [Allen Estate Ass. v. Boeke, 300 Mo. 575, l. c. 590, et seq., 254 S. W. 858; Ward v. Nolde, 259 Mo. 285, l. c. 296-299, 168 S. W. 596.]

Appellant Lungstras complains of the action of the trial court in rendering a personal judgment against Sterling F. Rutherford, the holder of the legal title, which is shown by the record proper. A sufficient answer to this complaint is that Sterling F. Rutherford did not appeal and appellant Lungstras is in no position to complain as to the rendition of such personal judgment.

We have reached the conclusion that plaintiffs' mechanics' lien under the circumstances, and, in consonance with the equities, is entitled to priority over the liens of the deeds of trust. [O'Leary v. Roe, 45 Mo. App. 567, l. c. 572-573; Price v. Merritt, 55 Mo. App. 640, l. c. 645; Seidel Lumber Co. v. Hydaulic Press Brick Co. (Mo. App.), 288 S. W. 979, l. c. 980; Waters v. Gallemore (Mo. App.), 41 S. W. (2d) 870, l. c. 873.]

It is therefore ordered that the judgment of trial court be, and the same, is affirmed. *Becker* and *McCullen, JJ.*, concur.