SUBURBIA POOLS, INC., Respondent,

v.

Thomas L. FISCHER, Carolyn A. Fischer, Dalton W. Schreiber, Trustee for St. Louis County Bank, and St. Louis County Bank, Defendants,

and

Thomas L. Fischer and Carolyn A. Fischer, Appellants.

No. 46845.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 1, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Denied
Dec. 13, 1983.

Application to Transfer Denied
Jan. 17, 1984.

Donald J. Weyerich, Clayton, for appellants.

Irving L. Cooper, Clayton, for respondent.

CRANDALL, Judge.

Appellants, Thomas L. Fischer and Carolyn A. Fischer, defendants below, appeal from a judgment entered in favor of respondent, Suburbia Pools, Inc., plaintiff below, on its claim and on defendants' counterclaim. The sole issue raised on appeal is whether the defendants were entitled to a jury trial. We reverse and remand.

Suburbia Pools and the Fischers contracted for the construction of a swimming pool at the Fischers' residence in St. Louis County. Alleging that the Fischers had only partially paid for the finished pool, Suburbia Pools brought this action seeking (1) a judgment for the amount due under the contract, (2) a mechanic's lien under §§ 429.010 through 429.360, RSMo (1978)[1] on the property in question, and (3) a declaration of priority of the lien over the deed of trust on the property held by defendant Schreiber as trustee for the St. Louis County Bank, the beneficiary. The Fischers counterclaimed for damages, alleging unworkmanlike performance by Suburbia Pools.

The case was tried to the court as an equity case over the Fischers' objection. Judgment was entered in favor of Suburbia Pools on its claim and on the Fischers' counterclaim. The Fischers appeal from the

---

1. All further references to statutory sections are to RSMo (1978) unless noted otherwise.

trial court's judgment, alleging error in the denial of a jury trial.

Prior to 1911, an action to establish a mechanic's lien under our statutes was regarded as an action at law, and the question whether there was a lien was a jury question unless a jury was waived. *Hoover v. Abell,* 231 S.W.2d 217, 221–22 (Mo.App. 1950). Section 8235a of Laws of Mo. 1911, p. 314 at 314–15 (now § 429.270) replaced the action at law with one in equity when two or more mechanic's liens were claimed against the same property and went on to require that the priorities of all liens against and interests in the property be determined in the equitable action. Section 8235c of the 1911 act (now § 429.330) specifically exempted from the new and mandatory equitable action any action wherein only one mechanic's lien was claimed against the property, though in the action to establish it the court would also be required to determine the priorities between it and any other lien or encumbrance against the property:

> This equitable action shall not apply to instances in which there is only one mechanic's lien claimed against the property and any of it, but in any suit thereon the court shall determine the respective priorities as between such mechanic's lien and any other lien or encumbrance and enforce the same accordingly.

Because the priorities of liens had theretofore been determined in equity and not at law, *see Huggins v. Hill,* 236 S.W. 1051, 1053 (Mo. banc 1921), the directive in the precursor to § 429.330 to determine lien priorities in an action on a single mechanic's lien was held to convert the action at law "to this extent at least ... [to] one in equity." *Coerver v. Crescent Lead & Zinc Corporation,* 315 Mo. 276, 286 S.W. 3, 6 (1926); *and see Fitzgerald v. Schaefer,* 216 S.W.2d 939, 941 (Mo.App.1949); *Major v. McVey,* 128 S.W.2d 347, 351 (Mo.App.1939); *Lyvers v. Rutherford,* 230 Mo.App. 921, 927, 80 S.W.2d 729, 732 (1935). The action to establish the lien, however, remains one at law and therefore one that may be tried to a jury. *See Miners Lumber Co. v. Miller,* 117 S.W.2d 711, 716 (Mo.App.1938); *and see*

C. Schmidt, *Mechanic's and Other Statutory Liens,* in The Missouri Bar, Missouri Creditors'—Debtors' Remedies § 5.15, at 5–13 (3d. ed. 1975); J. Tierney & T. Raney, *Mechanic's Liens,* in The Missouri Bar, Missouri Real Estate Practice § 9.30, at 183 (2d. ed. 1972).

In summary, we paraphrase *Miners Lumber Co. v. Miller,* 117 S.W.2d at 716: This is an action at law except as to the question concerning the priority of the mechanic's lien over the deed of trust. That question is determinable as a matter in equity. Since this case involves a single mechanic's lien, it is an action at law.

Suburbia Pools contends, however, that a jury trial was properly refused under what was styled in *Linville v. Wilson,* 628 S.W.2d 422, 425 (Mo.App.1982) as "the doctrine of 'equitable cleanup' " which is the principle that equity will retain jurisdiction of a cause once it has acquired it in order to give full relief. Accordingly, the court, without a jury, may determine legal issues and grant damages if justice requires it. Suburbia Pools argues that because the question of lien priorities was an equitable matter, the trial court could proceed in equity without a jury to determine the legal issues in the case.

The principal flaw in this argument is its assumption that the trial court's equity jurisdiction attached before it determined the legal issues. "The test of equitable jurisdiction is based upon the issues at the time the action is commenced ...," *Pittman v. Faron,* 315 S.W.2d 836, 839 (Mo.App.1958), and equitable jurisdiction "attaches" when the pleading party is entitled to relief prayed for. *See Missouri Cafeteria v. McVey,* 362 Mo. 583, 242 S.W.2d 549, 553 (1951). Suburbia Pools' entitlement to have its lien declared superior to the deed of trust obviously arose after and not before its lien was established. For "equitable cleanup" purposes, the trial court's equitable jurisdiction had not "attached" when it denied the Fischers a jury trial and adjudicated both the lien claim and the counterclaim.

Finally, Suburbia Pools contends that the Fischers waived a jury trial because "they did not request a jury trial until after the case had begun." Section 510.190(2) prescribes the ways in which a trial by jury may be waived:

Parties shall be deemed to have waived trial by jury

(1) By failing to appear at the trial;

(2) By filing with the clerk written consent in person or by attorney;

(3) By oral consent in court, entered on the minutes;

(4) By entering into trial before the court *without objection.* [Emphasis added.]

The record shows this cause was scheduled to be tried to the court at Suburbia Pools' request, and that the Fischers objected to the denial of a jury trial prior to the trial. The Fischers did not waive their right to a jury trial.

The judgment is reversed and this cause is remanded for a new trial.

KAROHL, P.J., and REINHARD, J., concur.